The People of the State of Illinois, Plaintiff-Appellee, v. Gale William Nettles, Defendant-Appellant.

Gen. No. 67–92.

Third District.

March 11, 1969.

Rehearing denied April 9, 1969.

A. William Razzano, of Watseka, for appellant.

Wayne Clemens, State's Attorney, of Watseka, for appellee.

RYAN, J.

The defendant, Gale Nettles, was indicted for the crime of burglary in Iroquois County and was tried before a jury which returned a verdict of guilty. He was sentenced to the Illinois State Penitentiary for an indeterminate sentence of not less than five nor more than

nine years. He has appealed from this judgment contending:

(1) That he was denied his constitutional and statutory right to a speedy trial;

(2) That his constitutional rights were violated when the trial court received, opened and recorded the sealed verdict of the jury at a time when neither the defendant nor his counsel were in court, and

(3) That the State's evidence consisting solely of testimony of accomplices failed to prove the defendant guilty beyond a reasonable doubt.

On November 25, 1966, the burglary involved in this case was committed in Iroquois County. On January 10, 1967, the defendant was arrested in Vermilion County for a different offense. He was held in Vermilion County jail under the charge in that county until January 30, 1967, when he was released for lack of evidence after a preliminary hearing. Fifteen minutes later, he was again arrested at a point some five blocks from the jail. He was returned to the Vermilion County jail and the next day, January 31, 1967, he was transferred to the Champaign County jail where he was charged with still another burglary which had been committed in that county. He remained in the Champaign County jail under that charge until April 29, 1967, when he was released on his own bond. Before he left the courtroom he was arrested on a warrant from Iroquois County charging the defendant with the burglary in that county of November 25, 1966, which was first above mentioned. He was returned to the Iroquois County jail where he was continuously incarcerated until his trial on July 24, 1967.

The Iroquois County officials learned of the defendant's involvement in the crime involved in this case from a statement given to them by an accomplice, Thomas, on February 20, 1967, and from a statement given to

the Champaign County officials by another accomplice, Walker, on February 16, 1967. On March 16, 1967, an information was filed in Iroquois County charging the defendant with the burglary involved herein and a warrant for his arrest was issued on that date.

The defendant presents two different computations of time, either of which he contends, demonstrates that he was incarcerated more than 120 days before his trial in violation of chapter 38, section 103–5(a), Ill Rev Stats 1967 and section 9 of Article II of the Constitution of Illinois 1870.

The defendant first insists that since the Iroquois County authorities on February 16, 1967 had information implicating him in the crime for which he was subsequently tried, and since he was then in custody in Champaign County charged with a different offense, the statutory period of 120 days commenced to run on February 16, 1967. From that date until July 24, 1967, the day his trial commenced, 158 days elapsed.

 Both section 103–5 of chapter 38 and its statutory predecessors (Ill Rev Stats 1963, c 38, pars 633.1 and 748) implement the constitutional right to a speedy trial (art II, § 9, Ill Const 1870). People v. Fosdick, 36 Ill2d 524, 224 NE2d 242. Under both the present statute and its predecessors, it has been held essential to the starting of the statutory period, that a criminal charge be pending against the defendant. People v. Jones, 33 Ill2d 357, 211 NE2d 261; People v. Arbuckle, 31 Ill2d 163, 201 NE2d 102; People v. Gray, 83 Ill App2d 262, 227 NE2d 159; People v. Lowe, 61 Ill App2d 262, 210 NE2d 31. Obviously, unless a person is charged with a crime, there can be no prosecution, and it would seem to follow as a natural corollary that there would likewise exist no constitutional right to a speedy trial. This is not meant to imply that an arrest without a warrant before a complaint, information, or indictment has charged a defendant with a crime, will not set in motion the statu-

148

tory period. However, in such cases, in order for such an arrest and incarceration to do so, the arrest must be in connection with the charge for which the defendant was subsequently prosecuted. People v. Jones, 33 Ill2d 357, 211 NE2d 261. The right to a speedy trial means the right to have speedily heard the charge upon which the accused is detained. People v. Kidd, 357 Ill 133, 191 NE 244.

◼ In the Jones case, supra, our Supreme Court in construing our present statute's predecessor (Ill Rev Stats 1961, c 38, par 748) held that knowledge by the officials of the defendant's implication in the offense for which he was subsequently prosecuted was not sufficient to start the running of the statutory period even though the defendant was incarcerated on another unrelated charge at the time such knowledge was acquired. We see nothing in the language of section 103–5(a) to indicate that this section should be construed differently than the manner in which former section 748 was construed in People v. Jones, supra.

◼ The defendant implies that there was an arbitrary delay on the part of the Iroquois County officials in taking any action on the present charge, and that such a delay amounted to an evasion of the 120-day rule such as was condemned in People v. Fosdick, 36 Ill 2d 524, 224 NE2d 242. No evidence in the record indicates that there was any ulterior motive on the part of the Iroquois County officials in failing to formally charge the defendant from February 16, 1967, when they allegedly first had knowledge of his implication in the crime until March 16, 1967, when an information was filed and a warrant issued. No proof was offered by the defendant which would indicate that the delay was an attempted evasion of the 120-day rule. People v. Lowe, 61 Ill App2d 262, 210 NE2d 31.

◼◼ The second computation of time used by the defendant to demonstrate the violation of section 103–5

of the Criminal Code uses as the starting date March 16, 1967, the date upon which an information was filed charging the defendant with the burglary in question at which time a warrant issued thereon. From that date until the date of the trial on July 24, 1967, 130 days elapsed. The defendant did not urge this computation of time in the trial court. The defendant's only motion for discharge under section 103–5 of the Criminal Code was filed May 25, 1967, argued before the Court on May 29, 1967, and denied by the court on June 8, 1967. The computation of time set forth in that motion and argument involved the earlier dates of incarceration in Vermilion and Champaign counties discussed above. Since 120 days from the filing of the information and issuance of the warrant on March 16 had not elapsed at the time the motion was argued, naturally the computation of time now under consideration was not presented to the trial court in the motion which the trial court denied. Nor did the defendant ever request that he be discharged based on the passage of 130 days between the date of the issuance of the warrant and the date of trial. In order to avail himself of the statute, a defendant must make application for discharge prior to conviction. The constitutional right to a speedy trial is personal to the accused and may be waived by failure to raise the question of delay in the trial court. People v. House, 10 Ill2d 556, 141 NE2d 12.

Furthermore, there is nothing in the record to show that the Iroquois County authorities knew that the defendant was in the Champaign County jail or that they had ever placed a "detainer warrant" or "hold order" with anyone directing that the defendant be held for the crime for which he was subsequently prosecuted in Iroquois County. The record only shows that the defendant was arrested on April 29, 1967, for this offense. We, therefore, hold that the statutory period began on that date. The burden is on the defendant to demon-

strate that his right to a speedy trial has been violated. People v. Jones, 33 Ill2d 357, 211 NE2d 261; People v. Terlikowski, 83 Ill App2d 307, 227 NE2d 521. The trial date of July 24, 1967, being less than 120 days from April 29, 1967, the defendant's constitutional and statutory right to a speedy trial was not violated.

The defendant next contends that since he was not personally present in court when the verdict was returned and when judgment was entered on the verdict, his conviction should be reversed or a new trial granted. The record shows that before the jury retired it was stipulated by the defendant, his counsel and the state's attorney that the the jury might sign and return a sealed verdict and separate, and the polling of the jury was waived. It was further stipulated that the verdict might be opened by any judge of the court who was available. The jury returned a sealed verdict and separated. The next morning (July 25) with another judge presiding, the sealed verdict was presented to the court and it was opened and read. The verdict found the defendant guilty of burglary. The court ordered the verdict filed and the record recites "Judgment on verdict." The case was then continued until July 27 for hearing on mitigation and aggravation and for sentencing.

█ █ The rule is clear that in all felony cases the accused must be personally present in court throughout the trial (People v. Kirilenko, 1 Ill2d 90, 115 NE2d 297; People v. Brindley, 369 Ill 486, 17 NE2d 218) including the rendition and recording of the verdict. People v. Nelson, 18 Ill2d 313, 164 NE2d 16; Annotation 23 ALR 2d 456, 463. The reason given in many cases from other jurisdictions for including the time of the rendition of the verdict within the time when the accused has a right to be present is that his presence at that time will give him an opportunity to poll the jury to ascertain if they assent to his conviction. Annotation 23 ALR2d 456, 468. However, the accused's right to be present at the trial

itself or any portion thereof may be waived. People v. Woods, 27 Ill2d 393, 189 NE2d 293.

The case of People v. Nelson, supra, is urged by the defendant as being controlling. The Nelson case held that the record must show the defendant's presence at all stages of the trial including the rendition and recording of the verdict of the jury. The case also stated that the defendant by his words or conduct could waive his right to be present when the jury returned the verdict. Therein lies the important difference between the Nelson case and the case at bar. In Nelson there had been no stipulation that the jury might return a sealed verdict and separate nor had there been a waiver of the defendant's right to poll the jury. Therefore, the reason for the rule of Nelson as stated in the Annotation in 23 ALR 456, 468, i. e., that the defendant may poll the jury, does not exist in the present case. In light of the defendant's stipulation there was no function that he could have performed at the proceedings held on July 25 except to listen to the reading of the verdict. The Illinois Supreme Court has repeatedly held that the right to be present guaranteed by section 9, article II of the Constitution of 1870 is not infringed upon by the holding of hearings outside of the defendant's presence which do not involve substantial rights of the accused. People v. Woods, 27 Ill2d 393, 189 NE2d 293, and cases cited therein. In Snyder v. Massachusetts, 291 US 97, 78 L Ed 674, Justice Cardozo stated:

"In a prosecution for a felony the defendant has the privilege under the Fourteenth Amendment to be present in his own person *whenever his presence has a relation reasonably substantial to the fulness of his opportunity to defend against the charge*— Nowhere in the decisions of this court is there a dictum and still less a ruling, that the Fourteenth Amendment assures the privilege of presence when

152

the presence would be useless or the benefit but a shadow." (Emphasis supplied.) (78 L Ed at 678.)

In the case of People v. Brindley, 369 Ill 486, 17 NE 2d 218, the defendant was not present when the jury was sworn and when certain other matters pertaining to the selection of the jury transpired. The court stated that the record shows a situation where several important matters of procedure were conducted outside the presence of the defendant. The court further stated that standing alone, it is perhaps not reversible error, but the practice is not to be commended.

■■ We are of the opinion that although the defendant had a right to be present in court at the time the sealed verdict was opened, read and recorded, in view of the stipulations entered into by the defendant, his absence at that time did not violate any substantial right. In the words of Justice Cardozo quoted above, his presence on that occasion "would have been useless or the benefit but a shadow." We do not commend the practice but we do not feel in this case that the absence of the defendant when the verdict was read and recorded constituted reversible error in the absence of some showing by the defendant that he was thereby deprived of some substantial right.

■■ ■■ The defendant's third contention is that the state's evidence consisting of the testimony of accomplices fails to prove his guilt. Although the uncorroborated testimony of an accomplice is of doubtful integrity and is looked upon with grave suspicion, such testimony may be sufficient to warrant a conviction if it satisfies the jury beyond a reasonable doubt that the defendant is guilty. 14A ILP 388. The fact that a witness is an accomplice or that he has been promised or expects leniency does not destroy the competency of his testimony, but goes only to the weight thereof and to the credibility to be accorded to the witness, both of which are

elements to be determined by the trier of the facts which in this case was the jury. 14A ILP 381, 383, 386, 387 and 388.

The defendant contends that the testimony of the accomplice Walker was so discredited as to render it unbelievable without corroboration. The discrepancy in Walker's testimony concerning time and dates was not such impeachment or discrediting of the witness as occurred in People v. Alward, 354 Ill 357, 188 NE 425, or in People v. Hudson, 341 Ill 187, 173 NE 278, or in People v. Heilemann, 362 Ill 322, 199 NE 792 or in the three cases cited in the defendant's brief (People v. Rendas, 366 Ill 385, 9 NE2d 237; People v. Dinenza, 356 Ill 118, 190 NE 298; People v. Cohen, 376 Ill 382, 33 NE2d 593). Our Supreme Court stated in People v. Mullins, 28 Ill2d 412, 415, 192 NE2d 840, "Although the testimony of an accomplice must be scrutinized with extreme care and acted upon with the utmost caution, a conviction based upon it should not be set aside unless it is plainly apparent to the reviewing court that the defendant was not proved guilty beyond a reasonable doubt." In the case at bar, we do not think that it is plainly apparent that the defendant was not proved guilty beyond a reasonable doubt.

The defendant also complains that the court improperly permitted the People to call Ernest Thomas, another accomplice, as a rebuttal witness contending that this witness did nothing more than to prove the People's case in chief and was not a proper rebuttal witness. With this we cannot agree. The defendant had taken the stand and had testified that he had never at any time had a conversation with Ernest Thomas or James Walker regarding a burglary of any sort and that everything that James Walker testified to that connected him with the offense in question was false. The People then in rebuttal called Ernest Thomas who testified concerning con-

versations with the defendant involving the burglary in question and concerning the involvement of the defendant in the actual burglary. This testimony was properly presented in rebuttal. People v. Bell, 328 Ill 446, 451, 159 NE 807, stated that if evidence which might have been properly introduced as proof in chief is offered in rebuttal, it is discretionary with the trial court whether or not such testimony may be admitted. Rebuttal evidence is that which is produced to explain, repel, contradict or disprove evidence given by the defendant, and where the evidence offered in rebuttal is real rebuttal evidence, the fact that it might have been offered in chief does not preclude its admission in rebuttal. We therefore believe that the trial court properly exercised its discretion in this case in permitting the People to present the testimony of Ernest Thomas in rebuttal.

For the above reasons, the ruling of the trial court will be affirmed.

Affirmed.

STOUDER, P. J. and ALLOY, J., concur.