THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES W. SEXTON *et al.,* Defendants—(IRVAN W. HALL, Defendant-Appellant.)

(No. 11492;

Fourth District—August 2, 1972.

John F. McNichols, of Defender Project, of Springfield, (Bruce L. Herr, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Arthur A. Jones, State's Attorney, of Paris, (Jayne A. Carr, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On October 22, 1969, defendant-appellant Irvan W. Hall entered a plea of guilty to the crime of burglary in the Circuit Court of Edgar County. He was admitted to probation for a period of two years with the first six months to be spent in the State Penal Farm in Vandalia. At the time of admitting defendant to probation the trial judge was advised that defendant had recently plead guilty to another burglary in Clark County and had been admitted to probation on that charge. On November 16, 1970, defendant's probation was revoked in Edgar County, and defendant was sentenced to an indeterminate term of 3 to 5 years.

Defendant urges here that (1) he was entitled to discharge under the provisions of Ill. Rev. Stat. (1969), ch. 38, sec. 103 because the Petition to Revoke Probation was not heard within 120 days of the time that he was taken into custody; and (2) urges that the sentence imposed by the trial court was based upon acts subsequent to his conviction for the crime of burglary and was excessive.

The chronology of events is as follows:

On July 5, 1970, defendant was arrested and incarcerated in the Edgar County Jail in Paris, Illinois.

On July 7, 1970, an Information was filed charging him with reckless driving.

On June 24, 1970, an Information was filed charging him with theft.

On August 20, 1970, the Petition to Revoke Probation was filed, warrant issued, bond fixed on the warrant, counsel appointed and defendant remanded to custody in lieu of bond. The Petition to Revoke was bottomed, among other things, on the two offenses charged in the Informations.

On October 2, 1970, defendant again appeared in open court and asked that counsel originally appointed be relieved and new counsel appointed. This request was granted by the Court. Defendant made no request for continuance nor is there any indication that hearing on the Petition to Revoke had been set at this time.

On October 30, 1970, defendant filed his motion to dismiss the Petition

to Revoke Probation alleging that he had been in continuous custody since July 5, 1970, and that the statute above cited applied to Revocation proceedings. This motion was denied, the Petition to Revoke was heard November 16, 1970, following which sentence was imposed as above indicated.

Defendant argues that the question of whether the 120-day rule applies to revocation proceedings has never squarely been decided in this State. He urges that our holding in *People v. Sims,* 108 Ill.App.2d 282, 247 N.E.2d 183, was premised upon appellant's statement to the Court that the issue was identical to that present in *People v. White,* 98 Ill.App.2d 1, 239 N.E.2d 854, and that the precise issue raised by this appeal was neither argued nor considered in *Sims.* The People argue that *Sims* is controlling. Under the facts in this case, however, the 120 day rule is not an issue. The Petition for Revocation was filed August 20, 1970, on that date the warrant was issued, bond fixed and defendant was, in lieu of bond, taken into custody on the warrant and he was, of course, afforded a hearing on the Petition well within 120 days of that date. We note that there is no evidence in the record, nor does appellant suggest, that the filing of the Petition to Revoke some 45 days after the Informations were filed was a scheme or device calculated to circumvent the 120-day rule on the original charges.

Defendant urges that the 120-day rule began to run, on the Petition to Revoke Probation, on July 5, 1970, the date on which defendant was arrested for the activity which resulted in the filing of the Informations. He reasons that since the Petition to Revoke was bottomed on the same charges contained in the Informations, the 120-day rule began to run on the Petition at the same instant that it began to run against the Informations despite the fact that the Petition was not filed until August 20, 1970. We do not apprehend that we need to consider whether the 120-day rule is applicable to revocation proceedings for reasons hereinafter indicated.

■■ The statute, Chapter 38, Sec. 103—5(a) Ill. Rev. Stat. 1969, provides that "Every person in custody for an alleged offense shall be tried * * * within 120 days from the date he was taken into custody * * *." The warrant on the Petition to Revoke was issued and executed on August 20, 1970. In the proceedings initiated by the filing of the Petition the defendant was not being prosecuted for the crimes alleged in the Informations, the issue before the Court on the Petition was whether or not the defendant had violated the terms of his probation. The right to speedy trial means the right to have speedily heard *the charge upon which the accused is detained.* (*People v. Nettles,* 107 Ill.App.2d 143, 246 N.E.2d 29.) The charge upon which defendant was

detained, pursuant to the warrant issued August 20th, was the charge of violating the terms of his probation, and the fact that the evidence of that violation consisted of conduct for which he could be prosecuted by means of Information does not alter the nature of the Revocation proceedings. The Petition was heard well within 120 days of the date of filing and defendant's arrest. Defendant was not in custody on the charge of violation of the terms of his probation until August 20, 1970. Therefore, the question of speedy trial is therefore not involved.

■■ Defendant's contention that the sentence was "improperly based on acts of the defendant subsequent to his conviction for the crime of burglary" we find to be without merit. At the close of the evidence on the hearing to revoke probation the trial judge offered the defendant and the People the opportunity to offer evidence in aggravation and mitigation prior to imposition of sentence, both defendant and State's Attorney indicated they did not desire to offer any. The Court then stated, "Well, I am now going to show of record that neither party, defendant nor State, desire to offer any further evidence upon the question of mitigation and aggravation of punishment and that the Court will consider that evidence which has been heretofore offered on the hearing on the question of revocation of probation. Now, if there are no objections to that finding and order * * * the Court will hear counsel upon the question of the nature and extent of the punishment to the imposed". Neither defendant nor his counsel objected to the Court's proposed procedure, and he cannot now be heard to complain about that to which he tacitly agreed.

■■ In view of defendant's record, the sentence imposed is clearly not excessive. In addition to being mindful of the holding in *People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673, which prescribes the guidelines to be applied in appellate review of sentences, we note that the burglary for which he was here sentenced was committed while he was on probation for a similar crime committed in another county, during his Army service he was absent without leave on several occasions, and eventually received an undesirable discharge; and that the series of offenses which led to his arrest and the revocation of his probation in this case demonstrate a proclivity to criminal conduct which has not been diminished by prior efforts at rehabilitation through the process of probation. The sentence is well within the statutory limits and there was no abuse of discretion on the part of the trial judge in imposing that sentence.

Judgment affirmed.

TRAPP, P. J., and SMITH, J., concur.