THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM GRIGGS *et al.*, Defendants-Appellants.

First District (1st Division)    No. 79-2114

Opinion filed February 22, 1982.

Ralph Ruebner and Fe Fernandez, both of State Appellate Defender's Office, and Richard E. Gorman, both of Chicago, for appellants.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McGLOON delivered the opinion of the court:

After a jury trial, William Griggs and Edward Nelson were found guilty of armed robbery. Griggs was sentenced to 30 years imprisonment and Nelson to 60 years. Both now appeal their convictions.

On appeal, both Griggs and Nelson argue that the trial court erred in denying their motion for substitution of judge for cause. Defendant Griggs additionally argues that: (1) the trial court erred in denying his motion for severance; (2) the trial court improperly permitted the introduction of hearsay evidence which directly implicated him in the offense; and (3) that he was denied a fair trial by the admission into evidence of defendant Nelson's escape.

We affirm.

Phillip Perez testified that on October 22, 1978, at around noon, he was at Teresa's Jewelry Store, which he owns in partnership with Teresa Garcia. A man and a woman entered the store and walked toward the back where Perez was showing jewelry to other customers. Another man then entered the store. Garcia walked out from the back of the store when she heard the second man enter. The second man opened fire at the ceiling. The first man then put a revolver to Perez' stomach and took him into the back. When Garcia began screaming, the second man hit her in the face. After the woman accompanying them grabbed some watches from the showcase, the threesome left.

Shortly after the incident, Investigator John Putney interviewed Perez, Garcia and Larue Foster. Perez described the perpetrators of the crime to Putney. Foster gave Putney a partial license plate number and description of the automobile he had seen leaving the scene of the crime. Putney fed into a computer the information Foster had given him. After obtaining information from the computer, Putney proceeded to 7206 S. Cornelia, where he saw an automobile which fit the description that Foster had provided. He observed Griggs and a short black female enter the car. He stopped the vehicle and arrested the two. Putney obtained a telephone number from Griggs and called the Zenith Plant in Melrose Park, where he went to arrest Nelson.

On October 23, 1978, Perez picked out a photograph of William Griggs from a group of photographs he was shown. On October 24, Perez and Garcia viewed lineups. Both picked out Griggs and Nelson as two of the perpetrators of the crime. Following the lineups, Griggs told Perez that he was sorry about the robbery and offered to make restitution.

A deputy Cook County sheriff testified that on July 30, 1979, he had transported Griggs and Nelson from Cook County Jail to the courthouse at 13th and Michigan. He stated that he had a mittimus bearing Nelson's name. When the bus arrived at the courthouse, the sheriff saw Nelson exit the bus. A fight broke out between Griggs and another prisoner. It was then discovered that Nelson was missing. On September 19, 1979, Nelson was reapprehended. He was found with two loaded pistols in his possession, one of which Perez testified Griggs had used in the robbery.

Griggs and Nelson were jointly tried. Carolyn Collins, who had been

arrested with Griggs, was tried separately. Throughout the trial, both Griggs and Nelson disrupted the proceedings and were highly abusive toward the judge and jury. Both defendants were found guilty of armed robbery. (See Ill. Rev. Stat. 1979, ch. 38, par. 18—2.) Griggs was sentenced to 30 years imprisonment and Nelson to 60 years. Both defendants appeal their convictions.

First, Griggs and Nelson both argue that the trial court erred in denying their motion for substitution of judge for cause. The statute which presently governs such motions became effective on September 26, 1979. It provides that "[u]pon the filing of [a motion for substitution of judge for cause] a hearing shall be conducted as soon as possible after its filing by a judge not named in the motion." (Ill. Rev. Stat. 1979, ch. 38, par. 114—5(c).) Prior to September 26, 1979, a trial judge was not required to order a hearing before another judge. See Ill. Rev. Stat. 1977, ch. 38, par. 114—5(c).

Defendants' 114—5(c) motion was made approximately one month after the date when the statute as amended became effective. Griggs and Nelson claim that because the hearing on the motion was conducted by the trial judge and not another judge, the provisions of 114—5(c) were not complied with, and they did not receive a fair trial.

■■ Several considerations persuade us that the trial court's denial of the motion for substitution of judge for cause was proper. Initially, we note that defendants did not specifically request that another judge hear the motion-for substitution of judge for cause. We further note that defendants had been granted two prior substitutions. More importantly, defendants' abusive language and conduct from the outset of the trial court proceedings evidence their total lack of respect for the judicial process. It is apparent that the motion was not made in good faith and was a mere artifice to delay the trial court proceedings. Based on these facts, we believe that the trial court did not err in failing to assign the motion to another judge.

Defendant Griggs argues that his motion for severance should have been granted because defendant Nelson's defense was to implicate Griggs in the offense. As a general rule, defendants jointly indicted should be jointly tried and separate trials are required only when the defendants' defenses are so antagonistic that a fair trial can be granted only through severance. (*People v. Barbaro* (1946), 395 Ill. 264, 270, 69 N.E.2d 692; *People v. Murphy* (1981), 93 Ill. App. 3d 606, 609, 417 N.E.2d 759.) There are no hard and fast rules as to when severance should be granted. Whether separate trials should be granted is a matter within the sound discretion of the trial court. *People v. Canaday* (1971), 49 Ill. 2d 416, 424, 275 N.E.2d 356; *People v. Murphy* (1981), 93 Ill. App. 3d 606, 609.

■■ Antagonistic defenses in the context of severance have been confined

to those instances where one or more codefendants testifies implicating the other. (*People v. Murphy* (1981), 93 Ill. App. 3d 606, 609, 417 N.E.2d 759; *People v. Precup* (1977), 50 Ill. App. 3d 23, 29, 365 N.E.2d 1007.) In the present case, neither Griggs nor Nelson testified. In fact, the only defense witness to testify was a police officer who was called merely to explain the descriptions given by the victims to the police following the armed robbery. On these facts, we find that the trial court did not err in denying a severance.

■■ Next, defendant Griggs argues that he was deprived of a fair trial by the introduction of hearsay evidence which directly implicated him in the offense. On direct examination, State's witness Investigator John Putney testified that he had spoken with Larue Foster at the scene of the crime and that he went to the police station and put a partial license plate number into a computer at police headquarters. On cross-examination by defendant Nelson's attorney, Putney testified that Foster had provided the license plate number and a description of the getaway vehicle. Putney further stated on cross-examination that the vehicle belonged to defendant Griggs.

Where a police officer testifies that he had a conversation with an individual and that he subsequently acted thereon, without revealing the substance of the conversation, such testimony is based on the officer's personal knowledge and is competent to show the officer's investigatory procedure. (*People v. Dunning* (1980), 88 Ill. App. 3d 706, 709, 410 N.E.2d 1052.) Putney's testimony on direct examination, therefore, was not hearsay.

■■ The testimony elicited on cross-examination by defendant Nelson's attorney, on the other hand, was hearsay. A rule of evidence not invoked by timely objection, however, is waived for purposes of appeal. (*People v. Akis* (1976), 63 Ill. 2d 296, 299, 347 N.E.2d 733.) Griggs' counsel failed to object to Putney's cross-examination testimony that Larue Foster had provided a partial license number and description of the getaway car. As a result, the issue was waived. Furthermore, it has been held that where there is no reasonable possibility that a jury would have acquitted defendant if the hearsay evidence had been excluded, the admission of the evidence is harmless error. (*People v. Hall* (1980), 90 Ill. App. 3d 1073, 1077, 414 N.E.2d 201.) Here, no reasonable jury would have acquitted defendant Griggs in light of the convincing eyewitness identifications made by both victims.

■■ In addition, defendant Griggs claims that it was reversible error to admit hearsay evidence that Carolyn Collins, the female involved in the offense, was Griggs' sister. On direct examination, the State's Attorney asked Investigator Putney whether he had occasion to find out the relationship between Griggs and Collins. Griggs' attorney objected. The ob-

jection was overruled and Putney stated that Griggs and Collins were brother and sister. We do not believe this was inadmissible hearsay evidence.

■■ Finally, defendant Griggs argues that he was denied his right to a fair trial by the admission into evidence of defendant Nelson's escape. Initially, he claims that the admission into evidence of the escape was impermissible because the State failed to prove that Nelson did in fact escape. We find no merit in this argument. Two officers from the Cook County Department of Corrections testified that on July 30, 1979, defendants Griggs and Nelson were transported to 1340 S. Michigan, that defendant Griggs was involved in a fight with another prisoner after the prisoners had exited the transport bus outside 1340 S. Michigan and that Nelson was missing after the fight. A Chicago police officer testified that on September 19, 1979, he observed Nelson and pursued him until Nelson was captured with two loaded pistols in his possession.

Griggs argues that even if the evidence of the escape was admissible against Nelson, it was inadmissible against him because there was no evidence that Griggs was involved in Nelson's escape. We agree that the evidence introduced at trial did not show that Griggs collaborated with Nelson in his escape plan. Thus, we believe it was improper for the prosecutor to state during closing argument that Griggs probably staged the fight to give Nelson an opportunity to escape. We note that the prosecutor prefaced his remark by telling the jury that evidence of the escape was limited to Nelson. Because of this fact, and because we do not believe that the remark materially contributed to Griggs' conviction, we decline to reverse on the basis of this improper remark.

Both Griggs and Nelson have presented us with numerous other arguments as to why their convictions should be reversed. We find no merit whatsoever in these arguments and decline to address them.

For the foregoing reasons, the judgments of the circuit court of Cook County are affirmed.

Judgments affirmed.

GOLDBERG and O'CONNOR, JJ., concur.