THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD E. NEIDHOFER, Defendant-Appellant.

Second District    No. 2—85—0803

Opinion filed December 15, 1986.

Peter J. Dockery, Public Defender, of Wheaton (John G. Skoubis, Assistant Public Defender, of counsel), for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE NASH delivered the opinion of the court:

After a jury trial, the defendant, Donald E. Neidhofer, was convicted of the offense of driving with a blood-alcohol concentration of .10% or more (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(1)), and he appeals, contending: (1) that the prosecutor committed reversible error in referring to defendant's post-arrest silence; and (2) that the trial court erred in polling the jury outside the presence of the

defendant.

Defendant was charged with the offenses of driving under the influence of alcohol, driving with a blood-alcohol concentration of .10% or more, and improper lane usage (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501(a)(2), 11—501(a)(1), 11—709). The improper-lane-usage charge was nol-prossed before trial.

At defendant's trial, Glen Ellyn police officer Richard Combs testified that on December 29, 1984, at about 3:44 a.m., he was on patrol driving eastbound on Roosevelt Road when he saw a vehicle driven by the defendant turn onto Roosevelt from Briar Street. The vehicle accelerated, swerved towards the oncoming traffic, and returned to the center lane. As Combs followed it, the vehicle swerved again, and at one point, defendant's right turn signal was activated, but no turn was made. Several times, defendant crossed the white line dividing the two eastbound lanes and returned to the curb lane. As they approached Main Street, the officer activated his overhead lights and pulled defendant over.

When he approached the vehicle, Officer Combs detected a slight to moderate odor of alcohol from the defendant. When he asked defendant for his driver's license, defendant fumbled through his wallet, at first producing a traffic ticket. Officer Combs then asked the defendant to perform two sobriety tests. Defendant told the officer that he had a bad knee. In the standing balance test, defendant swayed from side to side and was unable to elevate his foot for the full 30 seconds. Next, the officer asked defendant to walk a straight line, wherein defendant swayed and stumbled. The officer placed defendant under arrest and advised him of his *Miranda* rights. When they arrived at the police station, defendant swayed as he walked. Officer Combs readvised defendant of his rights and questioned defendant who told the officer that he had consumed one beer. The officer administered a breathalyzer test to the defendant which indicated a blood-alcohol level of .10%. The officer testified that the breathalyzer machine was operating properly and that before he administered the test, he "purged" the machine, producing a reading of .88% and then tested a sample of room air, producing a reading of .00.

Daniel Hembree testified that about 10 p.m. that evening, he and the defendant went to a video arcade and then to Connie's Pizza where they ordered pizza and a pitcher of cola. About 12:30 they went to the home of some friends where defendant drank about three beers. Defendant drove home, Hembree eating pizza and defendant looking for a cassette tape. When defendant dropped the tape and bent down to look for it, the car swerved a little.

Defendant testified that he worked that day from 12 noon to 9 p.m. He watched television at Hembree's from 10 to 10:25, then he and Hembree went to Connie's Pizza. Although Connie's serves beer, he did not have any. About 12:30 they went to a friend's apartment where he had a couple of beers. On the way home, defendant dropped a cassette tape and jerked the car trying to retrieve it. On cross-examination, defendant agreed that when the officer stopped him he did not explain that the reason he had jerked his car was because he dropped a tape.

Defendant testified that he lost his balance during the field sobriety tests because it was windy and that he walked with a limp because he had previously broken his kneecap. Although he had more than one beer, he told the officer that he only had one. Defendant also testified that he was given two breathalyzer tests, on the first test, the results were .88% and the officer stated that the machine was not functioning properly, and on the second test, the results were .10%. On rebuttal, Officer Combs testified that he administered only one breathalyzer test to the defendant.

At the close of all the evidence, the parties entered into a written stipulation whereby they agreed to a sealed verdict and waived polling of the jury. The jury returned a guilty verdict as to the charge of driving with a blood-alcohol concentration of .10% or more and as it was unable to agree as to the charge of driving under the influence of alcohol, a mistrial was declared as to that charge.

■ Defendant first contends that the prosecutor committed reversible error in referring to defendant's post-arrest silence. On cross-examination, the prosecutor had elicited defendant's admission that when the officer stopped him he did not explain that his car swerved because he was reaching for a cassette tape. Then, during closing argument the prosecutor commented on this testimony and argued that it would have been reasonable for defendant to offer such an explanation. No objection was raised at trial by defense counsel.

As a general evidentiary and constitutional principle, evidence of a defendant's post-arrest silence is inadmissible. (*People v. McMullin* (1985), 138 Ill. App. 3d 872, 876, 486 N.E.2d 412.) Defendant relies on the evidentiary rule only, and does not contend that his constitutional rights were violated.

■ A rule of evidence not invoked by timely objection is waived. (*People v. Akis* (1976), 63 Ill. 2d 296, 299, 347 N.E.2d 733; *People v. Griggs* (1982), 104 Ill. App. 3d 527, 531, 432 N.E.2d 1176, *appeal denied* (1982), 91 Ill. 2d 562.) Since defendant failed to object during cross-examination or closing argument, he waived the issue for pur-

poses of appeal. In any event, any error was harmless since the defendant's failure to explain his erratic driving was irrelevant to the charge of driving with a blood-alcohol concentration of .10% or more.

■ Defendant also contends that he was denied the right to be present during polling of the jury. The State responds that the defendant waived this right by entering into a stipulation whereby he agreed to a sealed verdict and waived polling of the jury.

The record shows that before the jury retired to consider its verdict, the prosecutor and defense counsel signed a stipulation which was premised upon section 115—4(*l*) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 115—4(*l*), and provided as follows:

> "When the Jury has agreed on and signed a Verdict, they may deliver same to the Bailiff and then be excused without further order of Court.
>
> The Verdict to be later brought into Court by the Bailiff.
>
> The polling of the Jury is waived.
>
> After the Verdict is signed, the Bailiff or any Juror may tell the results of the Verdict to Anyone."

After deliberating about two hours, the jury sent a message to the trial judge that it had reached a verdict on one charge but was deadlocked on the other. The judge called the prosecutor and defense counsel to court to receive the verdicts of the jury. The defendant, however, did not appear and, although his attorney contacted him before the verdicts were returned, she did not advise him he must be present, nor did she object to the return of the verdict in defendant's absence. The court accepted the verdict of guilty as to the charge of driving with a blood-alcohol content of .10% or more and declared a mistrial as to the charge of driving under the influence of alcohol. Defense counsel moved to have the jury polled, and stated that she was waiving defendant's presence. Although the court informed counsel that she could not waive defendant's presence, counsel did not object to the court proceeding further in his absence. Upon being polled, each juror agreed with the verdict which had been returned.

The stipulation here contemplates that the jury, upon leaving its verdict with the court, would separate and not return to court, and that the verdict would be pronounced in open court when it reconvenes. (*Gille v. Winnebago County Housing Authority* (1969), 104 Ill. App. 2d 470, 475, 244 N.E.2d 636, *aff'd* (1970), 44 Ill. 2d 419, 255 N.E.2d 904.) The requirement that a verdict be returned by the jury in open court is necessary to afford the parties an opportunity to poll the jury if required. (*People v. Nettles* (1969), 107 Ill. App. 2d 143,

151-52, 246 N.E.2d 29, *appeal denied* (1969), 41 Ill. 2d 582; Ill. Ann. Stat., ch. 38, par. 115—4, Committee Comments, at 70 (Smith-Hurd 1977).) This defendant waived polling of the jury on the assumption, according to his stipulation, that the verdict would be delivered to the bailiff by the jury after it was returned and that it could be then announced in the absence of defendant and his counsel and without the court reconvening. Although the defendant had stipulated that he waived polling of the jury, the stipulation became inoperative as the verdict was actually returned in open court by the jury and it was then polled. Correctly framed, the issue before us is whether defendant was deprived of his right to be present when the verdict was returned and the jury polled.

▮▮ An accused has the right to appear and defend at every stage of his trial (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, sec. 8; *Illinois v. Allen* (1970), 397 U.S. 337, 338, 25 L. Ed. 2d 353, 356, 90 S. Ct. 1057, 1058; *People v. Owens* (1984), 102 Ill. 2d 145, 157, 464 N.E.2d 252, *cert. denied* (1984), 469 U.S. 963, 83 L. Ed. 2d 297, 105 S. Ct. 361), including the rendition of the verdict (*People v. Nelson* (1960), 18 Ill. 2d 313, 315, 164 N.E.2d 16), at which time defendant's presence affords him an opportunity to exercise his right to poll the jury (*People v. Nettles* (1984), 102 Ill. 2d 145, 464 N.E.2d 252).

▮▮▮ An accused may waive his presence at trial (*People v. Owens* (1984), 102 Ill. 2d 145, 464 N.E.2d 252; *People v. Nettles* (1969), 107 Ill. App. 2d 143, 246 N.E.2d 29), but his attorney has no power to do so for him. (*People v. Smith* (1955), 6 Ill. 2d 414, 416, 129 N.E.2d 164; *People v. Burns* (1983), 117 Ill. App. 3d 123, 127, 453 N.E.2d 21, *appeal denied* (1983), 94 Ill. 2d 554.) A defendant who voluntarily absents himself from the proceedings is deemed to have waived his right to be present. (*People v. Owens* (1984), 102 Ill. 2d 145, 464 N.E.2d 252 (defendant left the courtroom and returned to his jail cell); *People v. DeSimone* (1956), 9 Ill. 2d 522, 533, 138 N.E.2d 556 (defendant removed from the courtroom for disruptive behavior); *Sahlinger v. State* (1882), 102 Ill. 241, 247 (defendant left the courtroom on the last day of trial and went to a friend's home).) In *Sahlinger,* the supreme court observed that "defendant was not imprisoned, nor was he prevented by any improper means from being present when the verdict was rendered." (102 Ill. 241, 247.) We reach the same conclusion in the present case. The record shows that the defendant was at work when his attorney called to inform him that the jury had reached its verdict. He did not assert his right to be present at the rendition of the verdict, and his counsel, who now complains that defendant was deprived of his right to be present, advised

him that he need not appear. By his knowing conduct, defendant waived his right to be present at rendition of the verdict. It follows that defendant also waived his right to be present during polling of the jury.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

HOPF and REINHARD, JJ., concur.