THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FREDERICK TAYLOR, Defendant-Appellant.

First District (3rd Division)   No. 86—0498

Opinion filed August 3, 1988.

NcNAMARA, J., dissenting.

Paul P. Biebel, Jr., Public Defender, of Chicago (Marc Fogelberg and Crystal H. Marchigiani, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Kathleen A. Bom, and Susan J. Crane, Assistant State's Attorneys, of counsel), for the People.

JUSTICE FREEMAN delivered the opinion of the court:

Following a jury trial defendant, Frederick Taylor, was found guilty of robbery and theft. (Ill. Rev. Stat. 1983, ch. 38, pars. 18—1(a), 16—1(a)(1).) He was sentenced to a period of 30 months' probation with six months' incarceration as a condition thereof and fined

$270. He appeals, contending that he was not proved guilty of robbery beyond a reasonable doubt; that the admission into evidence of a hearsay statement by an anonymous, unidentified declarant was improper; that the trial court erred in refusing to instruct the jury to consider whether defendant made any statement at the time of his arrest; and that one of the convictions must be vacated.

The evidence at trial showed that on September 20, 1984, at 8:15 p.m. the victim, Ruby Shoulders, stopped her black Cadillac to make a call at an outdoor telephone mounted on a post. While doing so, she watched defendant walk towards her from across the street. Defendant, who came close to her, then reached toward her and snatched a gold-and-diamond medallion on a gold chain from her neck. The victim said defendant stared at her for about 10 seconds, backed slowly away and then ran. As he fled, defendant again turned to look at her before disappearing into an alley. The victim immediately flagged an oncoming squad car and accompanied the officers on an unsuccessful tour of the area to find defendant. When they returned her to the place where she had been accosted, the victim got into another squad car to make a report.

Police officer D. Jack testified that the victim described the assailant as a 25-year-old male black, about six feet tall, with a medium complexion, black hair and weighing 175 pounds. She said he was also wearing a brown coat. The officer also said that he spoke to an unidentified person at the scene of the crime and received a license plate number.

Officer J. Johnson testified that he talked to the victim and three days later stopped defendant, who was driving a car for which the officer was looking. He explained to defendant that he wanted to question him about the incident, and defendant came to the station, where he was advised of his rights. The defendant told the officer that he could not have taken the gold chain because he was at work at the time of the incident. The defendant did, however, permit the officer to take his photograph.

Officer Johnson said that he then placed this photograph in a group of seven other pictures and showed them to the victim, who was also at the station. She immediately identified defendant as the person who had robbed her. When the officer returned to defendant and told him he had been identified by the victim, defendant then said he was really with his girlfriend at the time of the incident.

The defendant was then placed in a five-man lineup, and the victim again identified defendant as the robber. When defendant was told he had been identified by the victim from the lineup, defendant

asked the officer if the lady was tall, well dressed, and had a black Cadillac. When the officer replied, "yes," defendant then said that she had identified him because he had pulled his car up next to her vehicle. The officer further testified that defendant was 19 years old and that the jewelry was never recovered.

The defendant first contends that he was not proved guilty of robbery beyond a reasonable doubt because there was no evidence of physical injury, struggle or touching of the victim. He maintains that a simple snatching does not involve sufficient force to constitute a robbery.

■■ A person commits the crime of robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force. (Ill. Rev. Stat. 1983, ch. 38, par. 18—1.) Among the elements which must be established to prove robbery, the State must establish beyond a reasonable doubt that the force alleged was of such a character as to temporarily suspend the victim's power to exercise his will and that the force preceded or was contemporaneous with the taking of the property. (*People v. Romo* (1980), 85 Ill. App. 3d 886, 407 N.E.2d 661.) A subjective feeling of fear will not support a conviction for robbery in the absence of facts to show that fear was reasonable. (*People v. Hollingsworth* (1983), 120 Ill. App. 3d 177, 179, 457 N.E.2d 1062.) There is little practical distinction between robbery and larceny from a person, and in cases where the evidence is such that there is a doubt, it is the duty of the courts to resolve such doubt in favor of the accused. *People v. Patton* (1979), 76 Ill. 2d 45, 50, 389 N.E.2d 1174.

In *People v. Campbell* (1908), 234 Ill. 391, 84 N.E. 1035, the supreme court affirmed a conviction for robbery where the victim boarded a streetcar and was jostled by several men, causing him to feel a "jerk" at his diamond stud, which had been fastened in his shirtfront. The victim testified that he saw the defendant holding the stud and grabbed the defendant's hand. There the court said:

> "The difference between stealing from the person of another, and robbery, lies in the force or intimidation used. [Citation.] In the absence of active opposition, if the article is so attached to the person or clothes as to create resistance, however slight, or if there be a struggle to keep it, the taking is robbery." (234 Ill. at 393.)

However, in *People v. Ryan* (1909), 239 Ill. 410, 88 N.E. 170, the court reversed a jury verdict and judgment which found the defendant guilty of assault with intent to commit robbery. The testimony showed that the victim was standing on the rear platform of a crowded

streetcar when someone put a newspaper under his chin and he felt a tug on his necktie. The victim made an outcry, but said that at no time did he feel he was in danger nor was any force used against him. The supreme court held that the evidence only proved an attempt to remove the stud from the necktie by stealth and adroitness, and there was no injury to the owner and no violence or struggle either to obtain the stud or retain it, and therefore did not show any intent to take the stud by force or intimidation. The court then said:

> "If a thing of value be feloniously taken from the person of another with such violence as to occasion a substantial corporal injury or if it be obtained by a violent struggle with the possessor it is robbery, but if the article is taken without any sensible or material violence to the person and without any struggle for its possession it is merely larceny from the person." 239 Ill. at 412.

The more recent opinions of the supreme court have adhered to the views expressed in *Ryan*. In *People v. Patton* (1979), 76 Ill. 2d 45, 389 N.E.2d 1174, the victim, who was carrying her purse by her fingertips, testified that she noticed the defendant as he crossed the street in front of her, change direction and then walk toward her. He grabbed her purse and threw her arm back a little. She added that the purse was gone before she realized what had happened. The court held that the snatching of the purse from the victim was not of itself sufficient to constitute robbery through "threatening the imminent use of force" and affirmed the appellate court's decision to reverse the trial court judgment for robbery. In addition, *Patton* stated that "where it is doubtful under the facts whether the accused is guilty of robbery or larceny from the person, it is the duty of the court and the jury to resolve that doubt in favor of the lesser offense." *People v. Patton*, 76 Ill. 2d at 52, citing *People v. Williams* (1961), 23 Ill. 2d 295, 178 N.E.2d 732, and *Hall v. People* (1898), 171 Ill. 540.

In *People v. Bowel* (1986), 111 Ill. 2d 58, 488 N.E.2d 995, the evidence showed that the victim was walking down the street when she saw four men, one of whom was the defendant. She was holding her purse by its zipper in her left hand at her side. The defendant walked up to her, touched her fingertips as he pulled her purse from her hand, pushed it back and immobilized her arm, causing her body to turn slightly. In holding that there was a robbery, the supreme court stated:

> "[T]he degree of force necessary to constitute robbery must be such that the power of the owner to retain his property is overcome, either by actual violence physically applied, or by putting

him in such fear as to overpower his will." 111 Ill. 2d at 63.

Though the decisions are not without conflict, the general rule requires that, in the offense of robbery, force or putting in fear be employed before, or at the time of, the taking of property, and does not permit a charge of robbery to be sustained by showing a retention of property, or an attempt to escape, by force or putting in fear. (*People v. Heller* (1971), 131 Ill. App. 2d 799, 267 N.E.2d 685.) What is decisive is the absence of any struggle or verbal threats by the defendant during the events leading up to or at the time of the taking. *People v. Romo* (1980), 85 Ill. App. 3d 886, 407 N.E.2d 661.

■ Here, the victim testified that she watched defendant as he came toward her while she was talking on the telephone, that he came "right up" to her and snatched her jewelry, that at the time "he snatched my necklace, that did not scare me as bad as the way he stared at me. That scared me more." The act of taking the property from her person had been completed when defendant stared at her, and the victim gave no indication that defendant had injured her physically or had threatened her during the commission of the act. We therefore hold that defendant was guilty of theft and not robbery.

■ Defendant next contends that the admission into evidence of a hearsay statement by an anonymous unidentified declarant was improper. He maintains that the victim's general description of the robber and her identification of him were the only evidence linking him to the crime; that the testimony of the arresting officer indicated that he was linked to the crime through a license plate number furnished by an unidentified person; and that he was deprived of his right to confront and cross-examine this person.

When a police officer testifies that he had a conversation with an individual and that he subsequently acted thereon, without revealing the substance of the conversation, such testimony is based on the officer's personal knowledge and is competent to show the officer's investigatory procedure. (*People v. Griggs* (1982), 104 Ill. App. 3d 527, 531, 432 N.E.2d 1176; *People v. Loggins* (1985), 134 Ill. App. 3d 684, 692, 480 N.E.2d 1293.) Here, Officer Johnson testified that he went to an address which he had obtained as a result of a license plate number seen at the time of the crime. We hold that this testimony was not hearsay and was therefore admissible.

■ Defendant also contends that the trial court erred by refusing to instruct the jury that it must determine not only the voluntariness of the statements alleged to have been made by him, but also whether he made the statements at all. Where a defendant offers no testimony to contradict that of the officers', it is not improper for the trial court

to refuse to instruct the jury on an issue not properly before them. (*People v. Fleming* (1981), 103 Ill. App. 3d 194, 198, 431 N.E.2d 16.) Here, defendant offered no testimony to deny making a statement to the police, and therefore the issue of whether he made the statements was not raised. We therefore hold there is no merit to this contention.

■ Finally, defendant contends that the evidence herein cannot support both convictions of robbery and theft because there was only one act. We agree. In view of our finding that the evidence did not support a conviction of robbery, that conviction must therefore be vacated.

For the reasons given, the conviction for theft is affirmed, the conviction for robbery is reversed, and the cause is remanded for sentencing on the conviction for theft.

Affirmed in part, reversed in part and cause remanded.

WHITE, P.J., concurs.

JUSTICE McNAMARA, dissenting:
I respectfully dissent from the majority holding that the evidence failed to show the requisite force necessary to constitute robbery.

An act asserts sufficient force to constitute robbery where the property is so attached to the victim's person as to create resistance to the taking. (*People v. Patton* (1979), 76 Ill. 2d 45, 389 N.E.2d 1174, citing Annot., 42 A.L.R.3d 1381 (1972); 2 R. Anderson, Wharton's Criminal Law and Procedure §561 (1957); W. LaFave & A. Scott, Criminal Law 696-97 (1972).) Our supreme court, in stating the well-established rule in *Patton*, cited *Rex v. Mason* (1820), Russ. & Ry. 420, 168 Eng. Rep. 876, where actual force "existed where the prisoner jerked and broke a steel watch chain around the victim's neck. The decisions in this jurisdiction considering the question of force in the taking of property have corresponded with the above statements." *Patton*, 76 Ill. 2d at 49.

Illinois has long followed the rule that the requisite force is present where the article is so attached to the person as to create resistance, however slight. (*People v. Campbell* (1908), 234 Ill. 391, 84 N.E. 1035.) In *People v. Ryan* (1909), 239 Ill. 410, 88 N.E. 170, the court noted that it is robbery to break a silk cord around the owner's neck, or a watch chain. See also *People v. Huntington* (1983), 115 Ill. App. 3d 943, 451 N.E.2d 923.

Moreover, the present case does not involve a victim who did not realize what had happened until the defendant took flight. (See, *e.g.*,

*People v. Patton* (1979), 76 Ill. 2d 45.) Instead, the victim was aware that defendant was approaching her, and aware of him reaching out and ripping the 20-inch rope chain from her neck. See, *e.g., People v. Bowel* (1986), 111 Ill. 2d 58, 488 N.E.2d 995 (more than simple snatching where victim aware of defendant approaching her, reaching out and pulling purse from her hand as he pushed her hand away).

Under the facts presented here, the trier of fact was entitled to find that the neckline was attached to the victim's person such that it created physical resistance. The crime differed considerably from a purse snatching or the grabbing of a hat or umbrella. (See *People v. Patton* (1979), 76 Ill. 2d 45.) The resistance required defendant to use enough physical strength and force to successfully rip the 20-inch rope chain from the victim's neck. I would affirm the conviction for robbery.