THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* C. D. JACKSON, Defendant-Appellant.

Second District    No. 75-384

Opinion filed June 24, 1977.

Ralph Ruebner and Peter B. Nolte, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Phyllis J. Perko, Robert M. Hansen, and James E. Hinterlong, all of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant C. D. Jackson was convicted in a jury trial of conspiracy and of delivering more than 30 grams of cocaine. He was sentenced to 4 to 7 years' imprisonment. Two issues are raised on appeal; (1) whether it was error to admit the hearsay declarations of defendant's co-conspirator, and (2) whether the trial court erred in not instructing the jury on the untrustworthiness of accomplice testimony.

An IBI undercover agent made three purchases of cocaine from a man named Medearis, who claimed he was supplied by defendant. Defendant was never seen in physical possession of cocaine and did not himself deliver cocaine to the agent, although defendant was present at or immediately prior to each sale.

The first sale was at defendant's house. A revolver, a scale and two bags of white powdered substance were present in the kitchen when the agent arrived. When the agent requested a sample for testing, Medearis conferred beyond earshot with defendant, and then agreed. After a field test, the agent returned and said he wished to buy the drugs. Medearis again conferred with defendant before agreeing to the sale.

The second sale was at Medearis' house. After defendant arrived, he and Medearis went into another room, closing the door behind them. The agent heard weights being moved on a scale from inside the room; then

Medearis came out with cocaine. The agent later saw the scale with cocaine on it in the room.

Prior to the third sale, Medearis said he would call the agent when he received the drugs. When defendant arrived at Medearis' house the agent was called and told the drugs had been delivered, and a location for the sale was being arranged. During this sale Medearis was arrested, and defendant was arrested at Medearis' house.

The agent testified at trial as to declarations by Medearis which showed defendant was a part of the conspiracy to deliver cocaine and was one who was involved in the delivery itself. Medearis himself never testified.

■■ The co-conspirator exception to the hearsay rule allows acts and declarations of one co-conspirator to be admitted against another who is a defendant, even when the acts and declarations are made out of the presence of the defendant. (*People v. Simpson* (1976), 39 Ill. App. 3d 318.) However, an element of the foundation for the use of this exception is a *prima facie* case of conspiracy, established by evidence independent of the hearsay. (*People v. Simpson.*) Defendant contends that this requirement was not met.

We disagree. In our view this case is similar to *United States v. Trowery* (3d Cir. 1976), 542 F.2d 623. In that case, defendant was never seen with heroin. He was seen giving an object to the co-conspirator just prior to when the co-conspirator made a sale of heroin to an undercover Federal agent. Defendant remained nearby and watched the transaction. The Federal agent testified to the statements which the co-conspirator had made and the defendant's conviction was affirmed.

We view the facts of the instant case as being a much stronger showing of conspiracy than in *Trowery*. These facts were shown by the independent observation of the IBI agent, and were sufficient to make out a *prima facie* case of conspiracy. Therefore, we hold that the requirements of the hearsay exception were met.

■■■ Defendant next urges that the trial court committed reversible error when it failed to instruct the jury on the untrustworthiness of testimony of an accomplice on behalf of the State. The rationale for such an instruction is that where an accomplice testifies for the State, there is a strong motivation to obtain favorable treatment by giving favorable testimony. (*People v. Howard* (1970), 130 Ill. App. 2d 496.) In applying this reasoning to the case before us, we first note that the accomplice himself never testified. Further, although the accomplice's statements were made to an IBI agent, at that time the accomplice had no knowledge of the agent's true purpose and surely he was not attempting to curry favor with the State by taking part in an illicit drug trade. Because the motivation to obtain favorable State treatment did not exist at the time

the accomplice's statements were made, we find that the need for the proposed instruction did not exist either. Therefore, the failure to give the instruction cannot be seen as error.

The judgment of the trial court is accordingly affirmed.

Affirmed.

GUILD and NASH, JJ., concur.