THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* QUINCY GRAY, Defendant-Appellant.

Third District   No. 79-262

━━━━━━━

Opinion filed July 10, 1980.

Ronald E. Halliday, of Peoria, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Terry Mertel, both of State's Attorneys Appellate Service Commision, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

The defendant, Quincy Gray, was convicted of delivery of a controlled substance, cocaine, after a jury trial in the circuit court of Peoria County. He appeals from that conviction.

The defendant was charged in a two-count indictment. Count one charged the defendant, Robin Coonce, and Tony Last Name Unknown with unlawful delivery of a controlled substance, cocaine. Count two charged the defendant and the same two individuals with unlawful calculated drug conspiracy. Prior to the selection of the jury, the trial court heard arguments on the defendant's motion to dismiss the conspiracy count and denied the motion to dismiss. The jury was then selected and advised of the charges presented in both indictments. Prior to the presentation of any evidence, the State moved to dismiss the conspiracy count of the indictment. The State had resisted defendant's prior motion to dismiss the same count. Over the objection of the defendant, the trial court granted the State's motion to dismiss count two of the indictment charging the conspiracy.

■■ The first issue we will consider is whether the defendant was prejudiced by the State's action in allowing the conspiracy count of the indictment to be read to the jury and then having that count dismissed before beginning the presentation of evidence. The defendant argues that it was improper for the State to allow the conspiracy count of the indictment to be read to the jury and to oppose defendant's pretrial motion to dismiss that count when the State knew that it did not plan to present any evidence on that count. Although a possibility for prejudice to the jury existed, the defendant did not make such an argument to the trial court. He only objected to the State's motion to dismiss the conspiracy count. The more appropriate procedure would have been for the defendant to move for a mistrial and thereby obtain a fresh jury allegedly not influenced by hearing the dismissed conspiracy count. This he failed to do. In light of the defendant's failure to timely move for a mistrial, we believe the alleged error, if any, was harmless and was cured by the trial court's comprehensive instruction to the jury after the conspiracy count was dismissed to ignore that count during the remainder of the trial.

Another issue raised by the defendant is whether the trial court erred in allowing into evidence hearsay statements of an alleged co-conspirator. The hearsay statement was that of Robin Coonce and was allegedly made to two police undercover agents, Muir and Hobbick. Over defendant's hearsay objection, undercover agent Muir was permitted to testify to statements Coonce made to someone in a telephone call identified as Quincy. The statements attributed to Coonce clearly implicated the defendant Quincy Gray. The defendant correctly categorizes the statements objected to as hearsay. Absent some exception to the hearsay

rule, the statements should not have been admitted to prove the truth of the assertions.

■■ Disputed is whether the hearsay statements fall within the exception of extrajudicial statements of a co-conspirator. This exception to the hearsay rule provides that if there is at least prima facie proof of the conspiracy, acts and declarations of one conspirator pursuant to or in furtherance of the conspiratorial purpose are admissible in evidence against any other member of the conspiracy. (16 Am. Jur. 2d *Conspiracy* §45 (1979).) In order to avail itself of this exception to the hearsay rule, it is not necessary for the State to charge the crime of conspiracy or that all the conspirators be tried or even indicted for that offense. All that is required is that the State show a prima facie case of conspiracy. (*People v. Jackson* (1977), 49 Ill. App. 3d 1018, 364 N.E.2d 975; *People v. Thomas* (1976), 38 Ill. App. 3d 689, 348 N.E.2d 285.) The prima facie case for conspiracy may be made before or after the introduction of the alleged hearsay testimony. In establishing a prima facie case of conspiracy, proof of the agreement, which is the essence of a conspiracy, need not be proved by direct evidence, but may be inferred from all the surrounding facts and circumstances, including the acts and declarations of the accused defendant. *People v. Kiel* (1979), 75 Ill. App. 3d 1030, 394 N.E.2d 883.

■■ We believe a prima facie conspiracy has been established here. In addition to the incriminating hearsay statements of Robin Coonce, the defendant himself admitted involvement with Coonce to the same undercover agents sometime after the sale for which he was convicted. After the agents had inquired about another purchase from defendant, he allegedly responded by stating that he could not help the agents because his "connection" was out of town. The agents at this same meeting asked whether he was reluctant to deal with them because they had received more than the bargained-for quantity of cocaine during the prior (instant) drug transaction that had occurred at defendant's apartment with Robin Coonce and Tony Last Name Unknown present. The defendant stated that this was not the reason. Again at another meeting Agent Hobbick testified that he inquired if defendant knew the whereabouts of Robin Coonce. The defendant stated to Hobbick that he had not seen Coonce lately and believed that he was "lying low" because the police were watching his house. Hobbick then sought to get a half ounce of cocaine from the defendant; Gray allegedly responded that the guy he got it from last time had left town. Defendant again restated that the mistaken larger quantity of cocaine at the initial drug transaction was not his reason for not dealing with Agent Hobbick. Gray blamed co-conspirator Tony LNU for giving him the wrong bag which he in turn gave to Robin Coonce for delivery to the agents. In addition to defendant's own admissions and the

statements of co-conspirator Coonce implicating the defendant, the pickup and delivery of the cocaine occurred at defendant's apartment in the presence of the defendant. These facts establish that defendant was not an innocent bystander. From the evidence as a whole, the prima facie existence of a conspiracy to sell cocaine was established. (*Kiel*). The defendant relies upon the case of *United States v. Stroupe* (4th Cir. 1976), 538 F.2d 1063, for this argument that the hearsay statements of a co-conspirator should not have been admitted into evidence. In *Stroupe* there was no independent evidence of a conspiracy, whereas in the present case a prima facie conspiracy was sufficiently proved by the evidence in the record.

The defendant next claims that the trial court erred in allowing the State to present certain rebuttal evidence which was allegedly not rebuttal but repetition of the evidence introduced in the State's case in chief. In presenting its rebuttal evidence the State recalled undercover agents Muir and Hobbick. The rebuttal testimony of Muir was a substantial repeat of his prior testimony, which was contradicted by the defendant's own testimony. Agent Hobbick's rebuttal testimony in summary dealt with his individual background and knowledge of dealers in narcotics allegedly to explain the complexities of dealing in drugs and the conduct in negotiating the same involved in this criminal case. The State admits that the testimony of Hobbick did not technically rebut any evidence presented by defendant but argues that it tends to explain details of the drug transaction alleged by the State.

■■ ■ "Rebuttal evidence is that which is produced to explain, repel, contradict, or disprove evidence given by the defendant, and where the evidence offered in rebuttal is real rebuttal evidence, the fact that it might have been offered in chief does not preclude its admission in rebuttal." (*People v. Nettles* (1969), 107 Ill. App. 2d 143, 155, 246 N.E.2d 29, 34.) Repetition of portions of matters brought out in the case in chief is permissible in rebuttal in the discretion of the trial court. (*People v. Hood* (1973), 11 Ill. App. 3d 329, 296 N.E.2d 393.) The defendant has not argued that the trial court abused its discretion. Instead, the defendant argues that the rebuttal evidence in this case was not rebuttal evidence at all and accordingly that its admission into evidence prejudiced him. (*People v. Karmazinas* (1967), 80 Ill. App. 2d 322, 224 N.E.2d 287.) We disagree with defendant's argument. The complained-of testimony tended to generally explain, repel, contradict and disprove the defense evidence. It was not so extensive or duplicative as to be an abuse of discretion by the trial court in admitting the testimony into evidence. (*People v. Moss* (1977), 54 Ill. App. 3d 769, 370 N.E.2d 89.) Absent a finding on appeal that the trial court abused its discretion in permitting the complained-of rebuttal

evidence, no prejudicial error occurred. Neither a new trial or reversal is warranted on the facts of the record before us.

■■ Defendant finally contends that the trial court erred in giving only the first paragraph of the circumstantial evidence jury instruction, Illinois Pattern Jury Instruction, Criminal, No. 3.02 (2d ed. 1971) (hereinafter cited as IPI Criminal) as opposed to the whole of said instruction as offered by the State. The second paragraph of IPI Criminal No. 3.02 provides:

> "[You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence.]"

The second paragraph should only be given, in addition to the first paragraph, where there is no direct evidence and the proof is entirely circumstantial. The defendant disputes the trial court's ruling that there was direct evidence in that the defendant was quoted as having made an admission, that he was in fact in the chain of delivery of the contraband substance. An admission by a defendant has been held to be direct evidence sufficient to preclude the giving of the second paragraph of IPI Criminal No. 3.02. (*People v. Spataro* (1978), 67 Ill. App. 3d 69, 384 N.E.2d 553; *People v. Godsey* (1978), 57 Ill. App. 3d 364, 373 N.E.2d 95.) The defendant's statements to the undercover agents were admissions by defendant of his involvement in the cocaine sale for which he was convicted. In light of the direct evidence, defendant's admissions, the trial court correctly refused to give the tendered second paragraph of IPI Criminal No. 3.02.

For the reasons stated the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

STOUDER and STENGEL, JJ., concur.