THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANKLIN D. BRIGGS, Defendant-Appellant.

Third District   No. 82—510

Opinion filed March 4, 1983.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, and Charles M. Schiedel, of State Appellate Defender's Office, of Springfield, for appellant.

James T. Teros, State's Attorney, of Rock Island (John X. Breslin and

Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant, Franklin Briggs, was convicted following a jury trial of possession of less than 30 grams of a substance containing cocaine. He appeals from his conviction, alleging that he was not proved guilty beyond a reasonable doubt and that the court erroneously refused a jury instruction tendered by the defendant. A brief statement of facts is given to facilitate discussion of the issues.

On February 2, 1982, Rock Island police officers Louis Fetes and Sergeant Neal Ford entered the Big Dipper Tavern. Fetes proceeded immediately to the tavern's restroom. As he entered the restroom, Fetes observed the defendant, who was bent over the left portion of the sink, and another man standing in the corner of the room facing the door. Fetes testified that he approached the defendant and heard a scratching, clicking noise. Officer Ford entered the restroom at this time. Fetes asked the defendant what he was doing. The defendant turned and said, "Nothing." As the defendant turned, Fetes observed a small plastic card slide into the sink. A white, powdery substance, later determined to contain cocaine, was in lines on the left portion of the sink.

Fetes retrieved a small plastic card from the sink. The only fingerprint found on the card was not the defendant's. Although the defendant denied that the powder was his, he was arrested and searched. The officers found no containers or packages on the defendant. The other individual in the room was questioned and then left the restroom. At the time of the arrest, the sink over which the defendant was leaning was completely dry.

Sergeant Ford entered the restroom shortly after Officer Fetes. He observed the defendant leaning over the sink and the other man in the corner. He heard the conversation between Fetes and the defendant but did not see the plastic card until it was retrieved from the sink.

The defendant testified that there was another person in the restroom when he entered. He asked this person to excuse him while he patted down his hair. He first became aware of the powder on the sink and the plastic card when Officer Fetes confronted him. He stated that he planned to turn the water on after patting down his hair.

Officer Fetes' testimony was impeached with his original report of

the incident, which contained no references to the fact that the defendant was bent over the sink or to any clicking noises. The defendant's testimony was impeached by prior convictions for uttering and publishing and delivery of heroin.

During the conference on jury instructions, the defendant asked that the jury be given the entire instruction on circumstantial evidence, Illinois Pattern Jury Instruction, Criminal, No. 3.02 (2d ed. 1981) (hereinafter IPI Criminal). The court refused the second paragraph of that instruction. The jury deliberated eight hours before finding the defendant guilty.

■■ The defendant first asserts that he was not proved guilty beyond a reasonable doubt. Specifically, he contends that the State failed to prove actual possession of the cocaine. We disagree. In order to sustain the conviction in the instant case, the State had to show that the defendant had knowledge of the presence of the drugs and that the drugs were in his control. (*People v. Bell* (1972), 53 Ill. 2d 122, 290 N.E.2d 214.) Possession of narcotics may be actual or constructive. Actual possession requires an act of physical dominion over the narcotics. *People v. Calhoun* (1977), 46 Ill. App. 3d 691, 361 N.E.2d 55.

■■ We conclude that on the facts presented by the case at bar, the trier of fact could have found that the defendant exercised dominion over the cocaine. Whether there was possession is a question of fact to be determined by the jury, and its findings will not be disturbed on review unless the evidence is so palpably contrary to the verdict or so unreasonable, improbable or unsatisfactory as to create a reasonable doubt of guilt. *People v. Calhoun* (1977), 46 Ill. App. 3d 691, 361 N.E.2d 55.

■■ Officer Fetes testified that he saw the defendant bent over just 10 inches from the sink. He heard scratching sounds and subsequently saw the plastic card slide into the sink. According to his testimony, Fetes was very close to the defendant at the time he heard the noises and saw the card. His testimony was confirmed by Sergeant Ford. Whether the testimony of the officers was sufficient to establish possession was a question of fact for the jury. The evidence is neither palpably contrary to the verdict or so unreasonable, improbable or unsatisfactory as to create a reasonable doubt of guilt. The defendant was proved guilty beyond a reasonable doubt.

The defendant also argues that it was error for the court to refuse the second paragraph of IPI Criminal No. 3.02 pertaining to circumstantial evidence. The paragraph in question reads:

"You should not find the defendant guilty unless the facts or

circumstances proved exclude every reasonable theory of innocence."

■ Both paragraphs of IPI Criminal No. 3.02 need be given only where all of the evidence against the defendant is circumstantial (*People v. Marion* (1980), 87 Ill. App. 3d 1038, 409 N.E.2d 533.) In the case at bar, the testimony of the police officers was direct evidence. The refusal by the court of the second paragraph of the instruction was therefore proper.

For the above stated reasons, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.