THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVEN ALLEN, Defendant-Appellant.

Third District   No. 3—83—0483

Opinion filed May 31, 1984.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Vicki R. Wright, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE ALLOY delivered the opinion of the court:

The defendant, Steven Allen, was charged by information with having committed the offenses of attempted burglary and possession of burglary tools. (Ill. Rev. Stat. 1983, ch. 38, pars. 8—4, 19—1, 19—2.) Following a jury trial, the defendant was found guilty of both offenses. Thereafter, he was sentenced to a determinate term of three years of imprisonment.

The defendant now raises a single issue on appeal: whether the trial court erred in refusing to give the second paragraph of the circumstantial evidence jury instruction.

At issue is Illinois Pattern Jury Instruction, Criminal, No. 3.02 (2d ed. 1981). The first paragraph, which was given by the court, reads as follows:

"Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict."

The second paragraph of this instruction was refused by the court. It reads as follows:

"You should not find the defendant guilty unless the facts or circumstances exclude every reasonable theory of innocence."

The committee note accompanying this paragraph indicates that the second paragraph is to be given only when *all* of the evidence against the defendant is *entirely* circumstantial. *People v. Gray* (1980), 85 Ill. App. 3d 726, 731, 410 N.E.2d 493, 496.

We have thoroughly reviewed the report of proceedings at trial and conclude that the evidence was not entirely circumstantial and that the trial judge properly refused to give the second paragraph of the circumstantial evidence jury instruction. We, therefore, affirm.

The evidence adduced at trial included the defendant's own testimony that he was present at the scene of the crime. Moreover, the jury also heard the testimony of the police officers who apprehended the defendant regarding his presence at the scene of the crime. Both the defendant's testimony as to the circumstances surrounding the offense (*People v. Spataro* (1978), 67 Ill. App. 3d 69, 75, 384 N.E.2d

553, 558) and the testimony of the police officers as to their observation and apprehension of the defendant at the scene of the crime constitute sufficient direct evidence to justify the refusal to give paragraph two. *People v. Briggs* (1983), 112 Ill. App. 3d 979, 982, 446 N.E.2d 305, 307.

Additionally, the jury heard the testimony of an eyewitness to the attempted burglary who, at approximately 1 a.m. on February 3, 1983, observed a car, without lights, stop by a dumpster in the parking lot of a Day and Night Store. According to the eyewitness, he observed three persons leave the automobile and walk behind the dumpster. Later, they walked to the rear of the car where one opened the trunk and removed a pick-ax. All three then walked to the rear of the Day and Night Store where one of them took a swing with the pick-ax. The witness, while observing this activity, called the police who arrived shortly thereafter, apprehended the three men, and found the pick-ax stuck in the store wall.

Although the defendant's explanation of these events is that he was half-asleep and intoxicated and unaware of what the other two were doing, the jury, judging the defendant's credibility, chose to believe otherwise. While it must be inferred from the totality of the evidence that the individuals whom the eyewitness observed were the same persons whom the police officers apprehended, this does not, in itself, require that the court give paragraph two of the circumstantial evidence jury instruction. As we concluded earlier, there was sufficient direct evidence contained in the testimony of the police officers and the defendant to render it unnecessary to give the second part of the instruction.

Accordingly, we affirm the judgment of the circuit court of Will County.

Affirmed.

BARRY and STOUDER, JJ., concur.