THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ANTHONY K. LOVE, Defendant-Appellant.

Third District   No. 3—89—0776

Opinion filed January 24, 1991.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Defendant Anthony K. Love was charged with 1 count of unlawful possession of a controlled substance (more than one but less than 15 grams of cocaine) with intent to deliver (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(b)(2)). After a jury trial, defendant was found guilty only of the lesser-included offense of unlawful possession of more than 1 but less than 15 grams of a controlled substance (Ill. Rev. Stat. 1989, ch. 56½, par. 1402(b)). He was subsequently sentenced to serve three years in the Department of Corrections. Defendant appeals from his conviction.

The facts adduced at trial established that in the afternoon of March 7, 1989, defendant was seated in the backseat driver's side of a 1977 Buick four-door automobile driven by one Stacy Pruitt. Officer Jeff Stubler of the Joliet police department observed that the car had an expired license plate registration. The officer pulled the car over and began to run a license registration check when Pruitt got out and approached the officer's car. Stubler met Pruitt at the rear of the Buick and conducted a pat-down search for possible weapons. During this procedure, Stubler noticed that the backseat passengers were moving their shoulders from side to side and then bent down toward the floor. Stubler considered the movements suspicious. Officer Michael Sheridan, who arrived as backup while Stubler was talking with Pruitt, corroborated Stubler's testimony regarding the movements of the backseat passenger on the driver's side. Stubler removed the front seat passenger, Jerome Abbott, and then the other backseat

passenger, Peter Luckett, and lastly, defendant, and conducted pat-down searches of them as well. Stubler found no weapons or contraband on any of the car's occupants, but he did notice a Tylenol bottle on the floor mat of the rear passenger side. The floor was otherwise uncluttered. Stubler reached into the car and removed the bottle and shook it. Since there was no rattle, but something else inside, Stubler opened the bottle and discovered 38 small plastic bags containing a white powdery substance.

Defendant and Luckett were arrested and charged with possession with intent to deliver cocaine. They were tried jointly. The prosecution presented the theory at trial that the suspicious movements of Luckett and defendant may have been to remove the drugs from their pockets and stuff them into the Tylenol bottle. Expert testimony established that 15 of the small bags were weighed and tested. They all contained cocaine and their combined weight was 5.3 grams. It was further established that cocaine sells on the street for about $250 for a quarter of an ounce (seven grams), or $100 for a gram. The record on appeal gives no clue as to the outcome of the arrests of Pruitt and Abbott.

The defendants sought to defend against the charged offense with proof that Luckett had only $1.07 in change on his person when arrested, and that Love was similarly lacking in money. By contrast, the front seat occupants had produced $100 and $265 from their pockets. The State moved *in limine* to exclude this evidence, and at the close of the State's case, the trial court granted the motion. Both defendants then rested without presenting any evidence.

In closing argument, the prosecutor emphasized that the case against the defendants was unrebutted. The jury was instructed that they could find either or both defendants guilty of the charged offense or of unlawful possession or not guilty. The jury returned verdicts finding both defendants guilty of unlawful possession only.

In this appeal, defendant challenges his conviction on grounds of insufficiency of the evidence, improper granting of the State's motion *in limine* and prejudicial closing argument by the prosecutor calling attention to defendant's failure to testify on his own behalf.

Defendant first asserts that the State's evidence was insufficient to establish either actual or constructive possession of the cocaine. No fingerprint evidence was introduced to connect the backseat passengers to the cocaine, and the evidence established that the automobile was owned by Stacy Pruitt. Thus, defendant argues, the State's case rested solely on defendant's proximity to the contraband.

■■ ■ A conviction for unlawful possession of a controlled substance must be supported by proof beyond a reasonable doubt that defendant had knowledge of the substance and that it was in his immediate and exclusive control. "[N]arcotics being found on the premises under the control of defendant gives rise to an inference of knowledge and possession by him which alone may be sufficient to sustain a conviction for unlawful possession of controlled substances. [Citations.] Mere access by other persons to the area where drugs are found is insufficient to defeat a charge of constructive possession. [Citation.] Moreover, exclusive possession does not mean that possession may not be joint. [Citations.] If two or more people share immediate and exclusive control or share the intention and power to exercise control, then each has possession. [Citation.] Whether defendant had knowledge and possession are questions of fact to be resolved by the jury. Its findings will not be disturbed on review unless the evidence is so palpably contrary to the verdict or so unreasonable, improbable, or unsatisfactory as to create a reasonable doubt as to guilt." *People v. Scott* (1987), 152 Ill. App. 3d 868, 505 N.E.2d 42.

■■ In this case we find that the circumstantial evidence of possession, while far from overwhelming, was not so deficient as to require a reversal of defendant's conviction. Officer Stubler's observations of defendant's shifting movements and leaning toward the floor where the drugs were found, corroborated by Officer Sheridan, together with defendant's proximity to the drugs in an area within his immediate and joint control, are sufficient to sustain the jury's verdict. See *People v. Briggs* (1983), 112 Ill. App. 3d 979, 446 N.E.2d 305 (jury verdict of guilty of unlawful possession of cocaine affirmed on circumstantial evidence where defendant was standing bent over sink in tavern restroom where scratching and clicking sounds had been heard by officer and cocaine residue was found on edge of sink).

■■ Defendant's next argument is that he was denied his right to a fair trial by the trial court's ruling on the State's motion to exclude evidence of defendant's and codefendant Luckett's lack of money upon their arrest and the fact that the front seat passengers had about $365 between them. The court found the proffered evidence irrelevant. Because of the unique circumstances presented here, we find the court's ruling reversible error.

Defendant was charged with unlawful possession with intent to deliver. There were 38 small bags of cocaine stuffed into a Tylenol bottle. Officer Stubler testified that the bottle was about three-fourths full of the bags when he opened it at the scene of the arrest. This evidence tends to support the inference that additional bags had been in

the bottle, but had been used or delivered prior to defendant's arrest. If the latter, it would be reasonable to expect that the person or persons who made the delivery(ies) would have money. Notably, there was no fingerprint evidence to connect any of the passengers to either the Tylenol bottle or any of the small bags it contained. Given the lack of direct evidence of possession, if defendant had been permitted to demonstrate that the backseat passengers had only a couple of dollars between them and that the front seat passengers had $365 in cash, this "negative" evidence would have leant support to defendant's defense theory that he was not involved in any sale or delivery and had never in fact possessed the cocaine.

Although the jury in fact found the evidence insufficient to support the charged offense, this does not render harmless the court's error in excluding the proffered testimony. By offering the lesser-included offense instruction, the defense gave the jury an opportunity to compromise between a finding of guilty as to the greater offense and an acquittal. Had the defendant been permitted to present the negative evidence with respect to the delivery charge, it is not certain how the State would have proceeded, whether the lesser-included instruction would have been requested, or what the jury's verdict might have been. Because, as we have stated, the evidence of guilt was not overwhelming, we hold that the error in refusing defendant's evidence requires that this cause be reversed and remanded for retrial.

■ Lastly, although not by itself a ground for reversing this defendant's conviction, we deem it appropriate to comment on defendant's third issue on appeal, *i.e.*, the prosecutor's reference in closing argument to defendant's exercise of his right not to testify. Defendant argues that the prosecutor's repeated allusions to the State's "unrebutted" evidence deprived him of his right to a fair trial. We have reviewed the closing argument and, in context, do not find that the improper comments were repeated so as to overemphasize or focus the jury's attention on defendant's failure to take the stand. Nonetheless, we wish to soundly denounce the practice not only of blatant, but of subtle references as well to the State's "uncontradicted," "unrebutted" evidence. (*People v. Slaughter* (1980), 84 Ill. App. 3d 88, 404 N.E.2d 1058.) Once the seed has been planted, it does not take a deluge of overt reminders to insure the fomentation of an improper consideration in the mind of a lay juror. In this case, after successfully moving to exclude evidence that could have diluted the State's case, the prosecutor's closing remarks about defendant's silence are particularly offensive to our sense of justice. We feel confident that the prosecutor will jealously guard defendant's constitutional right by

eliminating from his arguments any reference whatsoever to defendant's exercise of his right not to testify on retrial.

The judgment of the circuit court is reversed, and this cause is remanded for a new trial.

Reversed; cause remanded.

GORMAN and McCUSKEY, JJ., concur.