(No. 67657.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. FREDERICK TAYLOR, Appellee.

*Opinion filed June 19, 1989.*

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Terence M. Madsen, Assistant Attorney General, of Chicago, and Inge Fryklund, Susan J. Crane and Eileen Rubin, Assistant State's Attorneys, of counsel), for the People.

Randolph N. Stone, Public Defender, of Chicago (Crystal H. Marchigiani, Assistant Public Defender, of counsel), for appellee.

JUSTICE CALVO delivered the opinion of the court:

Defendant, Frederick Taylor, was convicted of robbery and theft in violation of sections 18—1(a) and 16—1(a)(1) of the Illinois Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, pars. 18—1(a), 16—1(a)(1)). A sentence of 30 months' probation, with six months' incarcer-

ation as a condition thereof, and a fine of $270 was imposed on the robbery conviction. No sentence was entered on the theft conviction. The appellate court, with one justice dissenting, reversed the robbery conviction, affirmed the theft conviction, and remanded the cause for sentencing on the theft conviction. (173 Ill. App. 3d 686.) We allowed the State's petition for leave to appeal. (107 Ill. 2d R. 315.) We reverse.

On the evening of September 30, 1984, the victim, Ruby Shoulders, was placing a call at a pole-mounted outdoor telephone. Shoulders was wearing a medallion with five diamonds attached to a 20-inch gold rope chain. Shoulders watched as defendant walked toward her from across the street. Defendant came close to her, reached toward her, and snatched the necklace off her neck. Shoulders testified that defendant stared at her for about 10 seconds, took six to seven steps back, then turned and walked slowly away. When defendant reached the middle of the street, he turned around and stared at Shoulders again. Defendant then ran down an alley. Shoulders testified she was scared when defendant took her necklace, and even more scared by the way in which defendant stared at her afterwards.

We are asked to determine whether the degree of force necessary to sustain a robbery conviction is present on the facts of this case. The State argues the facts prove robbery; defendant argues the facts prove theft. The appellate court majority concluded defendant's act did not constitute force within the meaning of the robbery statute. The appellate court then found the absence of any struggle or verbal threats by defendant during the events leading up to or at the time of the taking to be the decisive factor in reaching its conclusion that defendant was guilty of theft and not robbery. (Ill. Rev. Stat. 1983, ch. 38, par. 18—1(a).) The dissent reached the opposite conclusion: "the trier of fact was

entitled to find that the necklace was attached to the victim's person such that it created physical resistance" when removed by defendant. (173 Ill. App. 3d 686, 693 (McNamara, J., dissenting).) As such, the dissent found sufficient "force" to bring defendant's actions within the meaning of the robbery statute.

The legislature has the power to declare and define conduct constituting a crime and to determine the nature and extent of punishment for the crime. *People v. Taylor* (1984), 102 Ill. 2d 201, 205; *People v. Coleman* (1986), 111 Ill. 2d 87, 96.

The legislature has defined robbery as follows:

> "§18—1. Robbery. (a) A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force." (Ill. Rev. Stat. 1983, ch. 38, par. 18—1(a).)

Robbery is a Class 2 felony. Ill. Rev. Stat. 1983, ch. 38, par. 18—1(b).

The following conduct has been determined by the legislature to be theft:

> "§16—1. Theft. A person commits theft when he knowingly:
>
> (a) Obtains or exerts unauthorized control over property of the owner ***." (Ill. Rev. Stat. 1983, ch. 38, par. 16—1.)

Theft of property from the person is a Class 3 felony. Ill. Rev. Stat. 1983, ch. 38, par. 16—1(e)(3).

It has long been emphasized that the gist of robbery is force. (*Burke v. People* (1893), 148 Ill. 70.) The difference between theft from the person and robbery lies in the force or intimidation used by the perpetrator to accomplish his goal of taking property from a person. *People v. Ryan* (1909), 239 Ill. 410; *People v. Campbell* (1908), 234 Ill. 391; *Hall v. People* (1898), 171 Ill. 540.

Robbery is theft from the person or presence of another accompanied by the use of force, or by threatening

the imminent use of force. (Ill. Rev. Stat. 1983, ch. 38, par. 18—1.) If the imminent use of force is threatened, then the actual use of force is not required in order for there to be a robbery. Where the imminent use of force is not threatened, however, then the taking of property from the person or presence of another must be accomplished by actual force in order for there to be a robbery and not merely theft from the person.

Sufficient force to constitute robbery may be found when the article taken is "so attached to the person or clothes as to create resistance, however slight." (*Campbell*, 234 Ill. at 393.) A person may attach an item to his or her person or clothing in such a manner that a perpetrator may not take the item without the use of force sufficient to overcome the resistance created by the attachment. The force required to overcome the physical resistance created by the attachment of an item to the person or clothing of the owner is to be distinguished from "the mere physical effort" which must occur whenever any item, *not* attached to the person or clothing of the owner, is transferred from one person (the owner) to another person (the taker). It will be a theft, therefore, and not a robbery, when the evidence "show[s] no more force than the mere physical effort of taking the pocketbook from [the victim's] person and transferring it to [the defendant]." (*Hall*, 171 Ill. at 543.) When an item, which is not attached to the person or clothing of another such that resistance to its taking is created, is taken by one who, without threatening the imminent use of force, uses no more force than the mere physical effort of transferring the item from the owner to himself, then such force is not sufficient, by itself, to constitute robbery; such a taking is a theft.

In *Campbell*, the victim had a diamond pin fastened in his shirt front. The victim felt a jerk at his pin and then saw defendant with the pin in his hand. The court

held this to be robbery and not larceny from the person: "[I]f the article is so attached to the person or clothes as to create resistance, however slight, \*\*\* the taking is robbery." (*Campbell*, 234 Ill. at 393.) The court in *Campbell* noted that "where a watch was fastened by a steel chain, which was broken in snatching the watch, it was held robbery." *Campbell*, 234 Ill. at 393.

In *Ryan*, the victim had a stud on his necktie. The defendant had placed a newspaper under the victim's chin, presumably to distract the victim, while the defendant attempted to take the stud. The court in *Ryan* reversed defendant's conviction of assault with intent to commit robbery:

> "The evidence in this case only tended to prove an attempt to remove the stud from the necktie by stealth and adroitness, by means of the newspaper placed under the chin and by detaching the stud in some way. \*\*\* The pushing and crowding were the ordinary methods of pickpockets, and the act of the defendant was that of a sneak thief." (*Ryan*, 239 Ill. at 413.)

That the defendant in *Ryan* attempted to remove the stud by means of "stealth and adroitness" distinguished that case from *Campbell*. *Ryan*, 239 Ill. at 413.

In the instant case, Shoulders' necklace was attached to her person in such a way that it offered resistance to anyone who would take it without permission. Defendant had to use force sufficient to overcome this resistance in order to successfully take the necklace. We hold that defendant's act constituted force within the meaning of the robbery statute.

Defendant argues that the majority opinion of the appellate court correctly followed this court's opinion in *People v. Patton* (1979), 76 Ill. 2d 45, and *People v. Bowel* (1986), 111 Ill. 2d 58, when the majority reversed defendant's conviction for robbery. We disagree.

In *Patton*, the victim was walking along a sidewalk, carrying her purse in the fingertips of her hand. The defendant walked by the victim and "swift[ly] grab[bed]" her purse, throwing the victim's arm back "a little bit." (*Patton*, 76 Ill. 2d at 47.) When discussing the difference between theft from the person and robbery, the court in *Hall* stated: "The two crimes approach each other so closely that cases may arise where it may be doubtful upon which side of the line they should fall. Still, it is the duty of courts, as well as of juries, to resolve such doubts in favor of the accused." (*Hall*, 171 Ill. at 543-44.) The court in *Patton* found the conduct of defendant to fall within this rule, and, being bound by its duty to resolve doubtful cases in favor of defendant, held that the defendant was guilty of theft, not robbery. *Patton*, 76 Ill. 2d at 52.

In *People v. Bowel*, the defendant was found guilty of robbery. In *Bowel*, the victim was holding her purse at the zipper where the purse opened in her left hand; her arm was at her side. The defendant walked toward the victim, took her left hand with his left hand and "touched" her fingertips as he pulled the purse from her hand with his right hand. This left the victim's fingers "a little red." (*Bowel*, 111 Ill. 2d at 61.) As the defendant took the victim's left hand, he pushed it back, immobilizing the victim's arm and making her body to be "turned slightly." Defendant then fled with the victim's purse. *Bowel*, 111 Ill. 2d at 61.

The court in *Bowel* rejected the defendant's argument that he was only guilty of theft from the person since he did not strike or shove the victim. The *Bowel* court noted that "the degree of force necessary to constitute robbery must be such that the power of the owner to retain his property is overcome, either by actual violence physically applied, or by putting [the owner] in such fear as to overpower [the owner's] will." (*Bowel*, 111 Ill. 2d

at 63.) The court in *Bowel* distinguished the defendant's conduct from the conduct of the defendant in *Patton* because the force employed by the defendant in *Bowel* in taking the victim's purse was greater than that of the defendant in *Patton*. *Bowel*, 111 Ill. 2d at 64.

Both the *Patton* court and the *Bowel* court refer to *Hall v. People*. (*Patton*, 76 Ill. 2d at 49-50; *Bowel*, 111 Ill. 2d at 63.) The court in *Hall* stated:

"In regard to the force or violence with which the goods were taken, the principle is this: that the power of the owner to retain the possession of his goods was overcome by the robber, either by actual violence physically applied, or by putting him in such fear as to overpower his will, as, if a thing be feloniously taken from the person of another with such violence as to occasion a substantial corporal injury, or if it be obtained by a violent struggle with the possessor; but where it appeared that the article was taken without any sensible or material violence to the person, as snatching a hat from the head or a cane or umbrella from the hand of the wearer,—rather by sleight of hand and adroitness than by open violence, and without any struggle on his part,—it is merely larceny from the person." *Hall*, 171 Ill. at 542-43.

The court in *Hall* then went on to say: "It may be different if the article is so attached to the person or clothing as to create resistance, and violence is used to overcome it. [Citations.] When the force used is to prevent the resistance of *** the person robbed, there such force makes the offense robbery." (*Hall*, 171 Ill. at 543.) The courts in *Patton* and *Bowel* relied on *Hall v. People* in determining whether the defendants' conduct constituted robbery when the items taken were not so attached to the person or clothing such that there was resistance created to their taking. The fact that the item taken in the instant case was attached to the person of the victim in such a manner as to create a resistance to

its taking distinguishes this case from both *Patton* and *Bowel*.

Defendant's argument that the testimony of Shoulders failed to describe force, or the threat of force, must be rejected. Defendant used force, as that word is used in the robbery statute, sufficient to overcome the resistance created by the necklace being attached to the person of Shoulders. When actual force is shown, the threat of force is not necessary to support a robbery conviction. The cases cited by defendant do not hold to the contrary.

For the above reasons, the judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*