**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lee TERRY, Defendant–Appellant.**

**Nos. 89–1885, 89–2000 and 89–2005.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 15, 1990.

Decided April 19, 1990.

As Amended April 25, 1990.

---

Richard N. Cox, Asst. U.S. Atty., Danville, Ill., for plaintiff-appellee.

Michael R. Cornyn, Thomas, Mamer & Haughey, Champaign, Ill., for defendant-appellant.

Before WOOD, Jr., COFFEY and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

Lee Terry pleaded guilty to armed robbery of a credit union in violation of 18 U.S.C. § 2113(a) and (d). At sentencing, the district court found the applicable Guideline range to be insufficient and departed upward, enhancing both the defendant's Criminal History Category and Offense Level in sentencing the defendant to 130 months incarceration followed by a five-year term of supervised release. The defendant appeals the court's enhancement and subsequent upward departure. The government cross-appeals, claiming that the district court erred in refusing to enhance the defendant's sentence as a career offender pursuant to § 4B1.1 of the Guidelines.

I.

On July 28, 1988, a grand jury indicted defendant Lee Terry on charges of armed robbery of a credit union in violation of 18 U.S.C. § 2113(a) and (d), along with the use of a firearm in the commission of a violent felony in violation of 18 U.S.C. § 924(c). On October 3, 1988, Terry entered a plea of guilty to the armed robbery charge pursuant to a plea agreement in which the government agreed to dismiss the § 924(c) charge at sentencing. Following the plea,

a presentence report was prepared which calculated the applicable sentencing range under the Sentencing Guidelines. The report calculated Terry's initial Criminal History Category as IV and Offense Level as 22 but concluded that based on the defendant's 1971 conviction for armed robbery and 1985 conviction for aggravated battery, he had two prior convictions involving crimes of violence and thus he should be sentenced as a career offender pursuant to § 4B1.1 of the Guidelines. This determination served to elevate Terry's Criminal History Category to VI and Offense Level to 34, resulting in an applicable sentencing range of 262–327 months.

At sentencing, Terry challenged the report's finding that he was a career offender, contending that he lacked the requisite two prior felony convictions for crimes of violence. He argued that his 1985 state conviction for aggravated battery was not a felony or a "crime of violence" but was rather a misdemeanor conviction in which he did not engage in any violent activity. In support of this claim, he presented the testimony of his appointed attorney in that conviction, Pricilla Ebden, who testified that Terry was a bystander to the underlying events and that there was nothing in the evidence to indicate that he participated in any violence. She further testified that his trial had resulted in a mistrial because the jury could not reach a decision, and that the State had threatened to hold the defendant for up to six months before retrying the case. In that circumstance, she stated, the defendant agreed to the State's offer of a plea of guilty to aggravated battery for a sentence of confinement for time already served (188 days) and one year conditional discharge. This enabled him to be released from prison at the earliest possible time. Based on this uncontroverted testimony, the trial court found that the 1985 aggravated battery conviction was not a "crime of violence" and should be treated as a misdemeanor for the purposes of § 4B1.1. The court reasoned that although the conviction had a felony title, the state prosecutor had been willing to treat the offense as a misdemeanor, and the actual sentence imposed was appropriate

for a misdemeanor rather than a felony. The court concluded, therefore, that the career offender provision did not apply.

The trial court then determined that the defendant's initial Criminal History Category of IV and Offense Level of 22 with an applicable range of 63–78 months was insufficient and departed upwards. Initially, the court considered departing to Category VI, Level 22, but found that the applicable range of 84–105 months "would denigrate the seriousness of the defendant's offense." Therefore, the court departed further upward to Category V, Level 28, arriving at a sentencing range of 130–162 months, and sentenced the defendant to 130 months followed by a five year term of supervised release. The defendant appeals, contending that the district court failed to follow the dictates of the Guidelines in enhancing his Criminal History Category and Offense Level and departing upward. The government also appeals, challenging the district court's refusal to enhance the defendant's sentence as a career offender pursuant to § 4B1.1.

### A.

We begin with the government's claim. Under § 4B1.1 of the Guidelines, a defendant is considered a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions where each was either a "crime of violence" or a controlled substance offense. The government's claim concerns whether Terry had the requisite two prior felony convictions involving crimes of violence. Terry admits that his 1971 conviction for armed robbery was a crime of violence for the purposes of § 4B1.1. As mentioned above, the district court reviewed the underlying facts of his 1985 aggravated battery conviction and determined that it was not a crime of violence and that it was a misdemeanor rather than a felony. The government's principle contention on appeal is that the district court committed

reversible error because the Guidelines expressly confine the sentencing court to the statutory elements of the offense in making such a determination. The government argues that since aggravated battery is classified as a Class 3 felony which carries a possible sentence of 2–5 years imprisonment under Illinois law, and has an element of physical violence in its statutory definition, Ill.Rev.Stat. Ch. 38, § 12–4(a), the court is bound to consider it a felony conviction for a crime of violence.[1] We disagree.

The Guidelines define a "crime of violence" as an offense that:

(a) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16 (1988); Guidelines § 4B1.2(1).[2] The language of subsection (a) of this provision appears, at first blush, to support the government's position since the statutory definition of aggravated battery includes as an element the use of physical force. The Guidelines, however, must be read in light of their Commentary. "The Sentencing Commission's application notes are contemporaneous explanations of the Guidelines by their authors and are entitled to substantial weight." *United States v. White*, 888 F.2d 490, 494 (7th Cir.1989); *United States v. Franz*, 886 F.2d 973, 977 (7th Cir.1989). Here, the application note to the Commentary under § 4B1.2 provides:

The Commission interprets [crimes of violence] as follows: murder, manslaughter, kidnapping, aggravated assault, extortionate extension of credit, forcible sexual offenses, arson, or robbery are covered by this provision. Other offenses are covered only if the conduct for which the defendant was specifically convicted meets the above definition. For example, conviction for an escape accomplished by force or threat of injury would be covered; conviction for an escape by stealth would not be covered. Conviction for burglary of a dwelling would be covered; conviction for burglary of other structures would not be covered.

§ 4B1.2, application note 1. We read this note as vesting a sentencing court with the discretion to explore the underlying facts of a prior conviction when that conviction is for a crime that is not one of the crimes specifically enumerated in the application note. When the offense is not one expressly enumerated in the note, the proper inquiry for the court is whether the conduct for which the defendant was specifically convicted involved the substantial risk that force may have been used. This is precisely what the sentencing court did in the case at bar. Aggravated battery is not one of the offenses enumerated in the application note to § 4B1.2 and thus the court properly turned to an examination of the underlying facts to determine whether the specific conduct for which the defendant was convicted, by its nature, involved a substantial risk that physical force would be used. The trial court did not err in undertaking such an inquiry.

Our interpretation of the discretion vested in the trial court under the Guidelines' career offender provisions finds further support in another section of the Guidelines. Section 1B1.3(b), entitled "Relevant Conduct (Factors that Determine the Guideline Range)," provides that "[t]o de-

---

**1.** The Guidelines define "prior felony conviction" as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." § 4B1.2, application note 3.

**2.** Effective November 1, 1989, Guideline §§ 4B1.1 and 4B1.2 and the attendant Commentary were amended. The amended Guidelines have no application to this case, however, since they were not in effect on the date of sentencing. 18 U.S.C. § 3553(a)(4) and (5) (Supp. V 1987). *See United States v. Reynolds*, 900 F.2d 1000 (7th Cir.1990); *United States v. Williams*, 892 F.2d 296 (3d Cir.1989).

termine the criminal history category and applicability of the career offender and criminal livelihood guidelines, the court *shall consider all* conduct relevant to a determination of the factors" specified in the Guidelines. § 1B1.3(b) (emphasis added). Furthermore, the Commentary to § 1B1.3 provides that "[c]onduct that is not formally charged or is not an element of the offense of conviction may enter into a determination of the applicable sentencing range."

Other courts that have addressed whether a sentencing court may properly examine the underlying facts of a particular conviction as directed by the Sentencing Commission in career offender cases have reached the same conclusion. In *United States v. Baskin*, 886 F.2d 383, 389 (D.C. Cir.1989), the defendant was convicted of unlawful possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B)(ii)(II). The defendant had one prior conviction for armed violence and one for robbery but contended that his robbery conviction was not a crime of violence as defined under § 4B1.2. The district court disagreed, asserting that it lacked the discretion to examine the facts of the prior conviction, and concluded that based upon the statutory characterization of "robbery," the prior offense was a crime of violence. On appeal, the D.C. Circuit held that the sentencing court has discretion to examine the underlying facts of a conviction in determining whether a prior conviction is a crime of violence under § 4B1.1. The D.C. Circuit remanded the case to the district court noting that "[a] sentencing judge retains the discretion to examine the facts of a predicate crime to determine whether it was a crime of violence notwithstanding the Commentary to the guidelines' predetermined list of crimes which it considers to be crimes of violence." The court noted that the Commentary was the proper starting point in determining whether a crime was one of violence but that "it might be appropriate, as provided by the guidelines, for a district judge to depart from the guidelines' statutory definition of a particular crime depending on the facts of the case." The court concluded that "[c]lassifying Baskin as a career offender based on statutory characterizations of his previous crimes may be improper if an analysis of the facts demonstrates that they were not in fact crimes of violence." *See also United States v. Williams*, 892 F.2d 296 (3d Cir.1989) (examining facts underlying a conviction under § 922(g)(1) in determining that the offense was a "crime of violence" which compelled application of § 4B1.1); *United States v. Maddalena*, 893 F.2d 815, 820 (6th Cir.1989) ("the court has discretion to consider evidence other than the statute in determining whether an offense was a 'crime of violence.' "); *United States v. Flores*, 875 F.2d 1110 (5th Cir. 1989) (court relied on hearsay evidence regarding prior burglary convictions to determine whether they were crimes of violence); *United States v. Campbell*, 888 F.2d 76, 78–79 (11th Cir.1989) (sentencing court held that career offender provision was inapplicable based on determination that defendant's three prior burglary convictions involved commercial buildings and thus did not constitute violent crimes).[3]

**3.** The government relies on *United States v. Dombrowski*, 877 F.2d 520 (7th Cir.1989), as its principle support for the position that the district court cannot examine the facts of underlying convictions. The issue in that case did not involve the *Guidelines* but rather a sentencing enhancement provision under 18 U.S.C. § 924(e)(1) dealing with "armed career criminals." The issue presented was whether a prior state conviction for "burglary" met the definition of "violent felony" as identified in the statute. The statute's definition of "violent felony" expressly included burglary but did not include further definition of that crime. The defendant argued that the emphasis on violent crime in § 924(e) required the court to examine the un-derlying facts of each prior conviction to determine whether they constituted crimes of violence. After reviewing the decisions of other circuits and the legislative history behind the provision, this Court concluded that the determination as to whether a burglary was violent should not include an examination of the underlying facts to determine if in fact violence was used. Rather, the term burglary was meant to be interpreted broadly to include "any felony consisting of entering or remaining surreptitiously within a building that is property of another with intent to engage in conduct constituting a Federal or State offense."

■ The government contends that even if the sentencing court retains the discretion to examine the underlying facts of a conviction to determine whether the conviction was a felony involving a crime of violence, the court's finding that Terry's 1985 conviction was consistent with a misdemeanor conviction and did not involve violence is clearly erroneous. The government argues that "there is nothing in the record to support the determination that the state prosecutor treated the offense as a misdemeanor." At sentencing, however, the trial court noted the extremely lenient nature of the plea agreement and heard the uncontroverted testimony of the defendant's attorney in the 1985 conviction that the guilty plea was a plea of expediency to get the defendant out of jail and that the defendant was a bystander who did not engage in any violent acts. The government does not challenge this testimony or the characterization of the defendant's plea but apparently argues that, taken together, they are insufficient to support the court's findings. We disagree and find that the district court's determination was not clearly erroneous.

### B.

■ The defendant claims on appeal that the district court erred in departing upwards from the applicable sentencing range because the court failed to articulate sufficient reasons justifying its departure as required by the Guidelines. The government concedes that the defendant's claim is a meritorious one. We find that the court's departure from the applicable Guideline range is unsupported by the record because the court failed to sufficiently identify either a factor not considered by the Commission or an "aggravating circumstance not adequately taken into consideration by the Sentencing Commission" as required by 18 U.S.C. § 3553(b). The trial court also improperly enhanced the defendant's Criminal History Category. In *United States v. Miller*, 891 F.2d 1265 (7th Cir.1989), we held that when enhancing a defendant's Criminal History Category, the court must do so with reference to the "higher criminal history categories and their intended applicability. When considering sentencing enhancement, courts are directed to look at the higher categories and determine if the defendant closely resembles other defendants who belong in the same category." In the instant case, the court did not make these requisite findings. Accordingly, we must vacate the defendant's sentence and remand for resentencing. We take no position concerning whether the trial court can arrive at the requisite findings on remand to support a proper departure.

### II.

We affirm the trial court's determination that the defendant was not a career offender under § 4B1.1. Since the necessary findings to support an enhancement and upward departure under the Sentencing Guidelines were not made, we vacate Terry's sentence and remand for resentencing.

The government argues that this case stands for the proposition that "the court should not look beyond the elements of the offense of conviction and the conviction itself in determining whether a particular crime is one of violence." We take a more limited reading of *Dombrowski*. For the purposes of § 924(e), crime of violence was defined, in part, as "burglary, arson, extortion...." The Court's inquiry concerned the definition of the term "burglary" to determine whether Congress intended the enhancement provision to apply to criminals with nonviolent criminal histories. The Court's conclusion is a sensible one—the term "violent felony" was defined by the statute to include burglary. The Court found that the term "burglary" as used in the statute encompassed both violent and "commercial" burglaries. There was, therefore, no discretion to inquire into the facts of the underlying conviction. Just as in *Dombrowski* where § 924(e) expressly listed a set of crimes to be considered "crimes of violence," where the crime is specifically enumerated in the Guidelines, the Sentencing Commission has stated that the court should not examine the underlying facts. In our case, however, the crime was not listed in the definition of crime of violence and the court thus had the discretion to examine the underlying facts. Section 924(e), however, lacks the language found in the Commentary to § 4B1.1 which directs the court to consider the underlying facts of the conviction.