UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael BEDELL, Defendant–Appellant.

No. 91–2298.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 6, 1992.

Decided Oct. 27, 1992.

Opinion Dec. 7, 1992.

James A. Shapiro, Asst. U.S. Atty., argued, Crim. Div., Barry R. Elden, Asst.

U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL, for U.S.

Allen E. Shoenberger, Loyola University School of Law, Chicago, IL, for defendant-appellant.

Before BAUER, Chief Judge, and CUMMINGS and POSNER, Circuit Judges.

POSNER, Circuit Judge.

█ We decided this case by unpublished order on October 27. The defendant has now asked us to publish the portion of the order that decides whether the Illinois robbery statute defines a "crime of violence" for purposes of sentence enhancement under § 4B1.1 of the federal sentencing guidelines, which deals with career offenders. We have decided to grant the motion and issue as an opinion a somewhat amplified version of the relevant part of the order, because the issue could recur.

█ In deciding whether a previous conviction, which the government wants to use to increase the defendant's sentence under a new conviction, is a "crime of violence," the district court may inquire into the facts underlying the previous conviction—may inquire, that is, whether the crime *really* involved violence—only if the offense in question could, as a matter of law, be committed without violence within the meaning of the guidelines. *United States v. Jones,* 932 F.2d 624 (7th Cir.1991). A crime of violence "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(1)(i). Robbery as ordinarily understood is the taking of property from a person by force or the threat of force, and therefore is a crime of violence per se for purposes of sentence enhancement under the career-offender provision of the guidelines, and is listed as such in Application Note 2 to section 4B1.2(1) of the guidelines. *United States v. Jones, supra,* 932 F.2d at 625. The cases that the defendant cites for the proposition that an inquiry into the underlying facts is required in every case are distinguishable because they are cases in which the crime

in question was not on the list of per se crimes of violence. *United States v. Alvarez*, 914 F.2d 915, 918 (7th Cir.1990); *United States v. Terry*, 900 F.2d 1039, 1042 (7th Cir.1990).

We classified robbery under Illinois law as a per se crime of violence for purposes of sentence enhancement in *United States v. Carter*, 910 F.2d 1524, 1532 (7th Cir. 1990). Yet in fact Illinois' robbery statute merely defines robbery as the taking of property "by the use of force or by threatening the imminent use of force," Ill.Rev. Stat. ch. 38, ¶ 18–1(a)—and could this not encompass, the defendant asks, the use of force against a thing rather than a person? Even though Application Note 2 lists robbery as a crime of violence per se, we have cautioned that if a particular criminal statute "defined 'robbery' idiosyncratically, dispensing with an element that made it a crime of force or threatened force against the person," *United States v. Jones, supra*, 932 F.2d at 625, the district judge would have to determine whether the defendant had in fact used violence. Bedell's previous conviction was for robbery of a video store, and although the judge who sentenced Bedell for that crime remarked "it does appear that the defendant's conduct did threaten harm to the complaining witness," the district judge in our case did not make a determination that the video-store robbery had in fact involved a threat of force against the person. Bedell wants judges to make such determinations in all cases in which a defendant was sentenced under the Illinois statute.

We have no doubt, however, that the "force" to which the Illinois statute refers is force against a person, not against an animal or a thing. It would be unpleasant to be threatened with the destruction of your grandfather's gold watch or your daughter's pet canary if you refused to surrender your money to the threatener, but it would not be robbery. It would be theft by extortion if the extortionist obtained your property, Ill.Rev.Stat. ch. 38, ¶¶ 15–5(a), 16–1(c), whether or not he carried out the threat. *People v. Bell*, 9 Ill. App.3d 465, 292 N.E.2d 219 (1972) (abstract). Only if the victim interposed his body, so that the thief had to use force

*against him* to take the property, would it be robbery. *People v. Campbell*, 234 Ill. 391, 393, 84 N.E. 1035, 1036 (1908); cf. *People v. Ashford*, 17 Ill.App.3d 592, 597, 308 N.E.2d 271, 275 (1974). The Illinois courts have made this adequately clear by observing, for example, that " 'without any sensible or material violence to the person, as snatching a hat from the head or a cane or umbrella from the hand' the offense will be held to be theft from the person rather than robbery." *People v. Patton*, 76 Ill.2d 45, 52, 27 Ill.Dec. 766, 769, 389 N.E.2d 1174, 1177 (1979), quoting *Hall v. People*, 171 Ill. 540, 542–43, 49 N.E. 495, 496 (1898). See also *People v. Whitley*, 18 Ill.App.3d 995, 999, 311 N.E.2d 282, 286 (1974); *People v. Houston*, 74 Ill.App.3d 586, 592, 30 Ill.Dec. 493, 497, 393 N.E.2d 529, 533 (1979); *People v. Thomas*, 189 Ill.App.3d 365, 369, 136 Ill.Dec. 765, 768, 545 N.E.2d 289, 292 (1989); *People v. Taylor*, 173 Ill. App.3d 686, 689, 123 Ill.Dec. 336, 337, 527 N.E.2d 974, 975 (1988), rev'd on other grounds, 129 Ill.2d 80, 133 Ill.Dec. 466, 541 N.E.2d 677 (1989). We add that robbery has a well-settled meaning in the law, and we do not lightly assume that Illinois has set a trap by punishing as robbery conduct that is not within that meaning.

AFFIRMED.