7 F.3d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dondi Earl CHISM, Defendant-Appellant.
 No. 93-2299.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 5, 1993.*
Decided Oct. 7, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Dondi Earl Chism pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 77 months in prison, followed by three years supervised release. His sentence was enhanced based upon a 1982 conviction for burglary and a 1987 conviction for residential burglary, both in violation of Illinois law. See U.S.S.G. § 2K2.1. Chism objects to the characterization of the 1982 offense as a "crime of violence" under § 4B1.2 of the Sentencing Guidelines. Finding no clear error, we affirm.
 
 
 2
 The number of Chism's prior felony convictions prescribes the base offense level for unlawful possession of a firearm. U.S.S.G. §§ 2K2.1, 4B1.2. Chism argues that one of his convictions, burglary, is not a crime of violence and therefore the base offense level calculated by the trial court is inaccurate.
 
 
 3
 Section 4B1.2(1) provides in relevant part that a "crime of violence" is an offense which includes the use, attempted use, or threatened use of physical force against another person. U.S.S.G. § 4B1.2(1)(i). It is undisputed that neither the Illinois burglary statute nor the residential burglary statute require an element of violence or force. Additionally, § 4B1.2(1)(ii) lists specific offenses that are deemed "crimes of violence," one of which is "burglary of a dwelling." U.S.S.G. § 4B1.2(1)(ii). Also included in the list "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(1)(ii). While Illinois may not define burglary to include the use of physical force, there is no doubt that "residential burglary is a 'violent' offense, because of the potential for mayhem if [a] burglar encounters [a] resident." United States v. Pinto, 875 F.2d 143, 144 (7th Cir.1989) (emphasis in original). Thus the district court's finding was not clearly erroneous under the Pinto reasoning because the burglary to which Chism pled guilty was of a dwelling.
 
 
 4
 Similarly, Chism's argument that the district court should have looked to the actual underlying conduct of the offense to find that it was not a crime of violence is unpersuasive. A district court may explore the underlying facts of an offense not specifically listed as a crime of violence. See United States v. Chapple, 942 F.2d 439, 442 (7th Cir.1991); United States v. Terry, 900 F.2d 1039, 1042-1043 (7th Cir.1990). Even if the district court examined the underlying conduct, the risk of a resident returning to his or her home during the perpetration of the crime is inherent in residential burglary. Pinto, 875 F.2d at 144. Chism's decision to commit the crime when the residents were gone does not negate this potential for violence.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record