UNITED STATES of America,
Plaintiff–Appellee,

v.

Gregory L. LEE, Defendant–Appellant.

No. 93–2910.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 11, 1994.

Decided April 25, 1994.

Barry R. Elden, Asst. U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL, John G. McKenzie, Asst. U.S. Atty. (argued), Rockford, IL, for plaintiff-appellee.

Arthur R. Swanson (argued), Rockford, IL, for defendant-appellant.

Before CUMMINGS, CUDAHY and MANION, *Circuit Judges.*

CUMMINGS, Circuit Judge.

In March 1993, defendant pleaded guilty to two counts of knowingly possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g).[1] In July 1993, defendant was sentenced to 52 months in prison to be followed by 3 years of supervised release. This sentence was premised on a determination that the base offense level under the United States Sentencing Guidelines ("Sentencing Guidelines"), given the defendant's prior criminal history, was 20. Defendant appeals this determination and the resulting sentence.

*Background*

In his plea agreement, defendant acknowledged that in 1975 he was convicted in Wisconsin of the crime of "theft from the person of another," Wis.Stat.Ann. §§ 943.20(1)(a), (3)(d)(2).[2]

Under the Sentencing Guidelines, the base offense level for the crime of possession of a firearm by a felon is dictated in part by the defendant's criminal history. If a defendant has a "prior felony conviction of * * * a crime of violence * * *," U.S.S.G. § 2K2.1(a)(4)(A), his base offense level is 20. A "crime of violence" is defined as a felony that either:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(ii) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a

---

1. In July 1992 defendant sold a .22–caliber revolver to an undercover agent. A month later, the defendant sold a .38–caliber revolver to the undercover agent.

2. Defendant also acknowledged that he was convicted of forgery, burglary, and misdemeanor battery. None of these convictions are at issue however.

serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(1). Application Note 2 of § 4B1.2 sets out a three-step inquiry for determining whether a prior conviction should be considered a "crime of violence." Application Note 2 provides that a conviction should be considered a "crime of violence" if either (1) the conviction was for one of the offenses specifically listed in Application Note 2; or (2) the conviction was for an offense that has as an element the use, attempted use, or threatened use of physical force; or (3) the conduct for which the defendant was convicted "presented a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(1) application note 2.[3]

### Analysis

The offense of which the defendant was convicted, "theft from the person of another," is neither an offense that has as an element the use or attempted or threatened use of physical force nor is it one of the offenses specifically listed in U.S.S.G. § 4B1.2 application note 2. The question presented to this Court, therefore, is whether the conduct for which defendant was convicted in 1975 "presented a serious risk of physical injury to another."

This issue could be easily resolved if the Sentencing Guidelines permitted consideration of facts contained in the record but not in the actual indictment of which the defen-

dant was convicted. The robbery complaint originally brought against the defendant—but not the "theft from the person of another" information under which he was ultimately convicted—sets out the details of the defendant's crime: according to the victim, she was approached by three men, one of whom "grabbed both her arms and forcibly held them behind her back, while ripping her coat and removing her coin purse * * *" (App. 58), conduct that certainly constitutes a crime of violence.

■ Application Note 2, however, makes clear that when determining whether an offense "presented a serious potential risk of physical injury to another," a sentencing court should look only to the "conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted * * *" U.S.S.G. § 4B1.2(1) application note 2. The Supreme Court has recently held that the Sentencing Guidelines' Application Notes must be given controlling weight unless they are plainly erroneous or are inconsistent with the Guidelines, United States v. Stinson, ___ U.S. ___, ___ – ___, 113 S.Ct. 1913, 1918–1919, 123 L.Ed.2d 598 (1993), and here the Application Notes clearly foreclose the possibility of looking at facts not contained in the count of which the defendant was convicted. This Court's inquiry, therefore, is limited to an analysis of the conduct expressly charged in the count of which a defendant was convicted.[4]

---

3. U.S.S.G. § 4B1.2 application note 2 provides in relevant part (emphasis supplied):

"Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included where (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) *the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted* involved use of explosives * * * or, by its nature, *presented a serious risk of physical injury to another.* Under this section, the conduct of which the defendant was convicted is the focus of the inquiry.

4. The Government cites United States v. Bedell, 981 F.2d 915, 916 (7th Cir.1992), certiorari denied, ___ U.S. ___, 113 S.Ct. 1397, 122 L.Ed.2d 770 (1993), for the proposition that a sentencing

court may inquire into the facts underlying a previous conviction when the offense in question is not listed in U.S.S.G. § 4B1.2 application note 2. The statements to this effect in Bedell were, however, merely dicta since the issue before the Court was whether an inquiry into the facts underlying a conviction is appropriate when the offense in question is listed as a *per se* crime of violence in U.S.S.G. § 4B1.2 application note 2—a question the Bedell court answered in the negative. Moreover, the Bedell court itself relied on dicta from United States v. Jones, 932 F.2d 624 (7th Cir.1991), a case also involving a *per se* crime of violence. This is not to say that this Court has never previously held that an inquiry into the facts underlying a prior conviction is appropriate when the offense is not a *per se* crime of violence. This was the holding of United States v. Terry, 900 F.2d 1039, 1042 (7th Cir.1990). As discussed *infra*, however, that case relied on a now superseded version of U.S.S.G. § 4B1.2 and commentary.

Other Circuits that have faced this issue have reached the same conclusion. *United States v. Joshua,* 976 F.2d 844, 856 (3rd Cir.1992) ("[A] sentencing court should look solely to the conduct alleged in the count of the indictment charging the offense of conviction in order to determine whether that offense is a crime of violence under subsection (ii) of the guideline."); *United States v. Johnson,* 953 F.2d 110, 113 (4th Cir.1991) ("In assessing a particular offense to determine if it is a crime of violence under the 'catchall' provision of U.S.S.G. § 4B1.2[ (1)(ii) ], a sentencing court must confine its factual inquiry to those facts charged in the indictment."); *United States v. Fitzhugh,* 954 F.2d 253, 255 (5th Cir.1992) ("The sentencing court should consider conduct expressly charged in the count of which the defendant was convicted, but not other conduct that might be associated with the offense."); *United States v. Young,* 990 F.2d 469, 472 (9th Cir.1993), certiorari denied, — U.S. ——, 114 S.Ct. 276, 126 L.Ed.2d 226 (The inquiry "must be limited to conduct charged in the indictment or information;" the sentencing court is not free to inquire into specific circumstances surrounding the conviction.).

■ Moreover, a review of previous versions of the commentary to U.S.S.G. § 4B1.2 and the various amendments made thereto reveal that the Sentencing Commission intended that the inquiry under the "otherwise" clause of § 4B1.2 be limited to an analysis of the facts charged in the relevant indictment or information. Prior to November 1, 1989 the commentary to § 4B1.2 provided that " '[o]ther offenses are covered only if the conduct for which the defendant was specifically convicted meets the [relevant] definition.' " *United States v. Terry,* 900 F.2d 1039, 1042 (7th Cir.1990) (quoting U.S.S.G. § 4B1.2 application note 1 (1988)). In *Terry,* this Court interpreted this language as "vesting a sentencing court with the discretion to explore the underlying facts of a prior conviction," *id.,* a view then shared by the Third, Fifth, and Sixth Circuits. *United States v. Williams,* 892 F.2d 296, 304 (3rd Cir.1989), certiorari denied, 496 U.S. 939, 110 S.Ct. 3221, 110 L.Ed.2d 668 (1990); *United States v. Goodman,* 914 F.2d 696, 699 (5th Cir.1990); *United States v. Maddalena,* 893 F.2d 815, 820 (6th Cir.1989). The Ninth and Eleventh Circuits, however, held that the language of the commentary limited the inquiry to a consideration of the abstract definition of the offense in question. *United States v. Becker,* 919 F.2d 568, 570 (9th Cir. 1990), certiorari denied, 499 U.S. 911, 111 S.Ct. 1118, 113 L.Ed.2d 226 (1991); *United States v. Gonzalez–Lopez,* 911 F.2d 542, 548 (11th Cir.1990), certiorari denied, 500 U.S. 933, 111 S.Ct. 2056, 114 L.Ed.2d 461 (1991). In response to this dispute, the Sentencing Commission twice revised the Application Notes: first to provide that " '[o]ther offenses are included where * * * the conduct set forth in the count of which the defendant was convicted * * * presented a serious potential risk of injury,' " *United States v. Johnson,* 953 F.2d at 113 (quoting U.S.S.G. § 4B1.2 application note 2 (1990)); and then to provide, as it does now, that the court

This Court is, in fact, deeply troubled by the Government's argumentation regarding whether a sentencing court may examine the facts underlying a defendant's conviction when determining whether it was a "crime of violence." The Government fails to address the implication of the various changes made to U.S.S.G. § 4B1.1 application note 2. It also fails to confront the current language of the Application Note. Instead, it rests its argument on dicta and a line of cases that either involve now superseded versions of U.S.S.G. § 4B1.1 application note 2 or whose continued validity is called into question by the changes made to that section. Moreover, the Government does not attempt to confront—indeed, it does not even mention—the various cases which make clear that the current version of Application Note 2 prohibits any inquiry into facts not set out in the information or indictment under which a defendant is convicted. Given that the Government surely knew of the amendments to Application Note 2 and that the authority adverse to the Government's position was easily found, we are forced to conclude that the Government's omissions were the product either of carelessness or of an attempt to beguile the Court. But regardless of whether the Government's omissions were the result of irresponsibility or cunning, they are inexcusable. This Court has every right to· expect more of its officers, especially from Government counsel.

should assess only the "conduct set forth (*i.e.,* expressly charged) in the count of which the defendant was convicted * * *." See generally *id.* at 112–113 (detailing history of the amendment of the commentary to U.S.S.G. § 4B1.2). The changes made to the commentary to U.S.S.G. § 4B1.2 make clear that a determination of whether an offense "presented a serious risk of physical injury to another" must be confined to an examination of the facts charged in the relevant indictment or information. See *United States v. Fitzhugh,* 954 F.2d at 254 ("[T]he [Sentencing] Commission has repudiated *Goodman* [914 F.2d 696] and other cases which held that a sentencing court can look beyond the face of the indictment in considering this issue.").

■ Thus the question of whether the offense for which the defendant was convicted in 1975 constituted a "crime of violence" for the purposes of U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2 turns on whether the conduct set forth in the information on which his conviction is based describes conduct that "presented a serious potential risk of injury to another." It plainly does not. The 1975 information merely provides that defendant

> did intentionally and feloniously take and carry away movable property from the person of [the victim] * * *, having a value less tha[n] $2,500, without the consent of [the victim] and with intent to deprive [the victim] permanently of possession of said property * * *.[5]

Unlike the robbery complaint that the 1975 information superseded, there is no indication here that the defendant used force or threat of force to accomplish his ends. The information contains no mention of the victim's claim that force was used against her, a detail that if included would have clearly changed the outcome here. And absent any affirmative indication that the defendant engaged in conduct which presented a serious risk of physical injury, this Court cannot conclude that defendant's 1975 conviction was for a "crime of violence."

■ In reaching this conclusion we reject the contention that "theft from the person" by its nature presents a "serious potential risk of injury to another." See *United States v. DeJesus,* 984 F.2d 21, 24–25 (1st Cir.1993); *United States v. McVicar,* 907 F.2d 1, 2–3 (1st Cir.1990). Under Wisconsin law, the crime of "theft from the person of another" does not include an element of force, *Moore v. State,* 55 Wis.2d 1, 197 N.W.2d 820, 822 (1972), and a defendant who uses even minimal force in taking the property from the person of his victim may be charged with robbery. See, *e.g., Walton v. State,* 64 Wis.2d 36, 218 N.W.2d 309 (1974) (pulling money pouch from under arm of victim constitutes sufficient force to convict defendant of robbery rather than theft). While it is true that even in the paradigmatic example of "theft from the person of another"—pickpocketing[6]—there is some chance that the

---

**5.** This essentially tracks the relevant portions of the Wisconsin criminal statute under which defendant was charged. The statute provides in pertinent part:

>  (1) **Acts.** Whoever does any of the following may be penalized as provided in sub. (3):
>  (a) Intentionally takes and carries away, * * * moveable property of another without his consent and with intent to deprive the owner permanently of possession of such property.
>
>  * * * * * *
>
>  (3) **Penalties.** Whoever violates this section:
>
>  * * * * * *
>
>  (d) If the value of the property does not exceed $2,500 and any of the following circumstances exist, is guilty of a Class D felony:
>
>  * * * * * *
>
>  2. The property is taken from the person of another or from a corpse;
>
> Wis.Stat.Ann. § 943.20(1)(a), (3)(d)(2).

**6.** In the chapter describing offense conduct, the Guidelines lists "pick-pocketing [and] non-forcible purse-snatching, such as theft of a purse from a shopping cart" as examples of "theft from the person of another." U.S.S.G. § 2B1.1 application note 7.

victim might be injured, this risk is not significant enough to transform an offense that does not include an element of force into a "crime of violence." The Government's claim that pick-pocketing and similar crimes pose a substantial risk of injury is, in fact, little more than conjecture, and such speculation is not a sufficient basis for this Court to hold that the conduct with which defendant was finally charged is a "crime of violence."

### Conclusion

Had the information under which the defendant was convicted described the violent nature of his offense, the district court's determination that defendant's 1975 conviction was a crime of violence would have been correct. Since the 1975 information did not contain such a description and since the Guidelines makes clear that the sentencing court may not look beyond the facts alleged in the information, the district court's determination of the defendant's base offense level is REVERSED and the case is REMANDED for re-sentencing.

MANION, Circuit Judge, concurring.

I agree with the court's determination that, based solely on the conduct as charged in the 1975 information, Lee's conduct did not amount to the potential risk of injury to another for purposes of the "crime of violence" sentence enhancement of U.S.S.G. § 4B1.2(1). I write separately to emphasize that our opinion should not be read as categorically ruling that prior convictions for theft can never constitute a crime of violence. Rather, as the court points out, had the theft information expressly set out the aggressive steps Lee and the others took in pinning the victim's arms behind her back and snatching her purse, then we would surely have a crime of violence. But the information before us contained no such detail and, as correctly set out by the court, a district court is not at liberty, pursuant to Application Note 2(B) of § 4B1.2(1), to look beyond the facts expressly charged in the information or indictment in determining whether to boost the defendant's base offense level. Therefore I join the court's conclusion that the district court's

application of the § 4B1.2(1) enhancement was in error.