108 F.3d 1380
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric NELSON, Defendant-Appellant.
 No. 96-3359.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1997.
Decided March 6, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In May 1994 Eric Nelson was indicted on one count of bank robbery in violation of 18 U.S.C. § 2113(a) for entering the Sobieski Federal Savings and Loan in South Bend, Indiana, with a toy gun and robbing the bank of $2370 cash. At his initial appearance before the district court, the government requested and the court ordered a competency hearing. After several competency evaluations and two competency hearings at which Mr. Nelson was deemed incompetent to stand trial, he stipulated to his competency in December 1995. That same day, Mr. Nelson made another initial appearance at which he pleaded not guilty. On January 4, 1996, he filed a notice of intent to use an insanity defense at trial. A subsequent psychological evaluation by the Bureau of Prisons' facility in Butner, North Carolina concluded that Mr. Nelson did not suffer from any mental defects which would have made him incapable of appreciating or understanding the wrongfulness of his actions.
 
 
 2
 In June 1996 Mr. Nelson filed a petition to enter a change of plea and on June 25, 1996, he pleaded guilty to one count of bank robbery as charged in the indictment. At sentencing, Mr. Nelson objected to the recommendation in the presentence report that he be sentenced as a career offender under the United States Sentencing Guidelines § 4B1.1. According to Mr. Nelson, his prior conviction for attempted robbery did not constitute a "crime of violence" for purposes of § 4B1.1. The sentencing court rejected this objection and found him to be a career criminal. He was sentenced to 151 months in prison, the lowest sentence of the applicable Guidelines range. Mr. Nelson's court-appointed counsel filed a notice of appeal, but now seeks to withdraw under Anders v. California, 386 U.S. 738 (1967), because he considers an appeal to be without merit or possibility of success.
 
 
 3
 Mr. Nelson's lawyer asserts that there are only two challenges which Mr. Nelson conceivably could raise on appeal. First, he could appeal the district court's determination that his prior conviction for attempted robbery was a "crime of violence" for purposes of the career criminal provision. However, "[e]numerated crimes, ..., are conclusively 'crimes of violence,' regardless of their circumstances." United States v. Coleman, 38 F.3d 856, 859 (7th Cir.1994). Application Note 2 to § 4B1.2 specifically identifies robbery as a crime of violence for purposes of the career criminal enhancement, and Application Note 1 states that the term "crime of violence" includes any attempt to commit such an offense. We are bound by the Application Notes unless they are plainly erroneous or inconsistent with the Sentencing Guidelines. United States v. Lee, 22 F.3d 736, 738 (7th Cir.1994) (citing United States v. Stinson, 508 U.S. 36, 43-44 (1993)). In light of the Application Notes, any argument on appeal that attempted robbery is not a crime of violence for purposes of § 4B1.1 would be frivolous.
 
 
 4
 Another possible issue for appeal identified by counsel in his Anders brief is whether the district court erred in not conducting a competency hearing prior to accepting Mr. Nelson's guilty plea. Due process requires that a defendant who pleads guilty have a sufficient ability to consult with his lawyer with a reasonable degree of rational understanding as well as a rational and factual understanding of the proceedings against him. Godinez v. Moran, 509 U.S. 389, 396-98 (1993); see also Dusky v. United States, 362 U.S. 402 (1960) (per curiam); United States v. Jones, 83 F.3d 927, 928 (7th Cir.1996). A trial judge should "order [a competency] hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceeding against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Some evidence or conduct implying incompetence, however, must be presented to the judge in order to establish reasonable cause. Chichakly v. United States, 926 F.2d 624, 633 (7th Cir.1991).
 
 
 5
 The sentencing hearing here contained no suggestion that Mr. Nelson was not competent to plead guilty. First, neither Mr. Nelson nor his attorney asked the court for a competency hearing or even intimated that one might be necessary. United Sattes v. Teague, 956 F.2d 1427, 1432 (7th Cir.1992). Further, the court asked Mr. Nelson if he had reviewed the presentence report, and he responded affirmatively. In addition, Mr. Nelson's statement to the court demonstrated that he was lucid, that he was aware of and accepted responsibility for his criminal history and that he understood the proceedings against him. See Chichakly, 926 F.2d at 633-34. Nor was there any indication on the day of the hearing that Mr. Nelson was acting strangely or was impaired in any way. Chichakly, 926 F.2d at 634. Indeed, a report prepared by the Bureau of Prisons only four months prior to sentencing concluded that he was sane and appreciated the nature of the charges against him. Galowski v. Berge, 78 F.3d 1176, 1182 (7th Cir.) (giving additional credence to psychological evaluations that are contemporaneous rather than retrospective), cert. denied, 117 S.Ct. 202 (1996). Moreover, Mr. Nelson stipulated that he was competent to stand trial approximately ten months before the sentencing, and a forensic report prepared almost one year earlier also concluded that he was competent. Because there was not reasonable cause to believe that Mr. Nelson was incompetent, any challenge to the court's decision not to conduct a competency hearing would be frivolous.
 
 
 6
 MOTION TO WITHDRAW GRANTED AND APPEAL DISMISSED.