NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued October 6, 2016
Decided October 7, 2016

### Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

| | |
|---|---|
| No. 16-1895 | Appeal from the United States District Court for the Central District of Illinois. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | No. 15-20021-001 Colin S. Bruce, *Judge*. |
| MARKESE D. SMITH, *Defendant-Appellant*. | |

### Order

Markese Smith pleaded guilty to possessing heroin with intent to distribute, 21 U.S.C. §841, and was sentenced to 212 months' imprisonment. His plea agreement contains a clause waiving the right to appeal, with an exception if counsel furnished ineffective assistance. Smith makes just such an argument on appeal.

The district court enhanced Smith's sentence after concluding that he is a career offender within the scope of U.S.S.G. §4B1.1. Smith now contends that counsel should have contested the conclusion of the presentence report (a conclusion adopted by the district judge) that he has at least two convictions for crimes of violence or controlled

substance offenses as defined in §4B1.2. Smith maintains that counsel should have taken advantage of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and contended that the convictions do not count under the residual clause of §4B1.2(a)(2). See *United States v. Hurlburt*, No. 14-3611 (7th Cir. Aug. 29, 2016) (en banc) (applying *Johnson* to the residual clause in §4B1.2(a)(2)).

The principal difficulty with this line of argument is that the district court did not rely on the residual clause. Smith has a conviction for possessing marijuana with intent to deliver, which qualifies as a "controlled substance offense" under §4B1.2(b). Smith does not argue otherwise. The court found that Smith's convictions for domestic battery and robbery under Illinois law are violent felonies under the elements clause in §4B1.2(a)(1) (a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another"). *Johnson* does not affect convictions classified under the elements clause of the Guidelines or the Armed Career Criminal Act. See *Stanley v. United States*, 827 F.3d 562 (7th Cir. 2016).

We held in *United States v. Waters*, 823 F.3d 1062 (7th Cir. 2016), that a conviction for domestic battery satisfies §4B1.2(a)(1). See also *De Leon Castellanos v. Holder*, 652 F.3d 762, 764–67 (7th Cir. 2011) (same conclusion under the elements clause of 18 U.S.C. §16(a)). Two qualifying felonies make a person a career offender, and Smith has a third: he has been convicted of robbery, in violation of Illinois law, and we have held that convictions under that statute are crimes of violence under the elements clauses of the Guidelines and similarly worded statutes. See, e.g., *United States v. Dickerson*, 901 F.2d 579, 584 (7th Cir. 1990); *United States v. Bedell*, 981 F.2d 915, 916 (7th Cir. 1992).

A lawyer is entitled to accept the law of the circuit unless there is good reason (such as a conflict among the circuits) to believe that the Supreme Court would rule otherwise. Smith does not contend that the circuits were, or are, in disagreement on the question whether domestic battery or robbery in violation of statutes similar to the ones under which he was convicted come within the Guidelines' elements clause, or the language of equivalent statutes. And it would not have helped Smith to knock out either the battery conviction or the robbery conviction; his lawyer would have had to show that circuit law on *both* convictions is mistaken. The chances of that were low indeed. The Sixth Amendment does not compel lawyers to pursue such remote possibilities. Counsel therefore did not exhibit deficient performance, and there is no basis for avoiding the waiver in the plea agreement.

AFFIRMED